## IN THE COURT OF APPEALS OF IOWA

No. 4-034 / 13-1953
Filed February 5, 2014

IN THE INTEREST OF B.L.,
Minor Child,

C.T., Mother,
        Appellant.

_____

        Appeal from the Iowa District Court for Monona County, Timothy T.
Jarman, District Associate Judge.


        A mother appeals from the order terminating her parental rights.
**AFFIRMED.**


        Molly Vakulskas Joly of vakulskas Law Firm, P.C., Sioux City, for
appellant mother.

        Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd and Janet L.
Hoffman, Assistant Attorneys General, Michael P. Jensen, County Attorney, and
Ian A. McConeghey, Assistant County Attorney, for appellee State.

        Marchelle Denker, Sioux City, for minor child.


        Considered by Danilson, C.J., Vaitheswaran, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

A mother appeals a juvenile court decision terminating her parental rights under Iowa Code sections 232.116(1)(e) and (*l*) (2013).  We determine there was clear and convincing evidence she had not maintained significant and meaningful contact with the child or made reasonable efforts to resume care of the child.  There is sufficient evidence in the record to support termination of the mother's parental rights under section 232.116(1)(e).  We also determine it would not be in the child's best interests to delay termination of the mother's parental rights.  We affirm the decision of the juvenile court.

## I.    Background Facts & Proceedings

Christie and Dustin are the parents of B.L., who was born in 2008.  B.L. was previously adjudicated to be a child in need of assistance (CINA), and that case was dismissed on May 16, 2012.  The relationship between the parents contained incidents of domestic violence, and Christie has a history of using methamphetamine.  Christie and B.L. were evicted from their home in September 2012 and did not have a permanent residence.  B.L. was removed from Christie's care on October 2, 2012.  B.L. was initially placed with his maternal grandparents and then moved to foster care.

A new CINA petition was filed, and the juvenile court determined B.L. was a CINA under Iowa Code section 232.2(6)(b), (c)(2), and (n) (2011).  Christie had a drug test on October 18, 2012, which was positive for amphetamine and methamphetamine.  She was scheduled to begin a residential substance abuse treatment program in January 2013, but did not show up.  As a result, she lost her place in the program.  She entered a different treatment program at the end

of February 2013. She was successfully discharged from that program but did not follow through on recommended outpatient treatment.

Christie's last visit with B.L. was on April 23, 2013. After that time, she had only minimal contact with the Iowa Department of Human Services (DHS) and no longer participated in services.

The State filed a petition for termination of parental rights on August 29, 2013. On September 18, 2013, Christie had a new substance abuse evaluation, which again recommended outpatient treatment. The termination hearing was held the next day, September 19, 2013. The day after that, September 20, Christie had a scheduled appointment for a mental health evaluation.

The juvenile court entered an order terminating Christie's parental rights under sections 232.116(1)(e) and (*l*) (2013).[1] The court determined Christie had not maintained significant and meaningful contact with the child and there was clear and convincing evidence the child could not be returned to her care within a reasonable period of time. The court found termination of Christie's parental rights was in the child's best interests. Christie appeals.

## II.    Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). "The paramount

---

[1] The juvenile court also terminated Dustin's parental rights. He has not appealed.

concern in termination proceedings is the best interest of the child." *In re D.S.*, 806 N.W.2d 458, 465 (Iowa Ct. App. 2011).

### III.     Sufficiency of the Evidence

Christie claims there is insufficient evidence in the record to support termination of her parental rights under section 232.116(1)(e) or (*l*). When the juvenile court relies upon more than one statutory ground to terminate a parent's rights, we may affirm based on one of the grounds cited by the court. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

Parental rights may be terminated under section 232.116(1)(e) when (1) a child has been adjudicated CINA, (2) the child has been removed from the parent's care for at least six consecutive months, and (3) there is clear and convincing evidence the parent has not maintained significant and meaningful contact with the child during the previous six months and has made no reasonable efforts to resume care of the child despite being given the opportunity to do so. The term "significant and meaningful contact,"

> includes but is not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

Iowa Code § 232.116(1)(e); *see also In re M.B.*, 595 N.W.2d 815, 817 (Iowa Ct. App. 1999).

There is no dispute in the record concerning the first two elements—B.L. was adjudicated CINA on December 17, 2012, and at the time of the termination

hearing had been removed from Christie's care for eleven months. We also determine there is clear and convincing evidence in the record showing Christie has not maintained significant and meaningful contact with B.L. Her last visit was on April 23, 2013, almost five months before the termination hearing. Christie testified she made two attempts to set up visits after April 2013, but could not come to an arrangement for a suitable time with social workers. She stated she then gave up and made no other effort to keep in contact with B.L. Furthermore, she did not maintain telephone contact with B.L.

We conclude Christie's meager efforts were not sufficient for her to maintain significant and meaningful contact with B.L. Additionally, there is clear and convincing evidence Christie had not made reasonable efforts to resume care of B.L. At the time of the termination hearing she was temporarily living with her parents, did not have a job, and was still in the process of arranging outpatient treatment that had been recommended for many months. We determine there is sufficient evidence in the record to support termination of Christie's parental rights under section 232.116(1)(e).

### IV. Best Interests

Christie contends termination of her parental rights is not in B.L.'s best interests. She asserts B.L. might be moved from his current placement in foster care and placed in a different prospective adoptive home so it would not be detrimental to him to wait an additional six months to permit her more time to address her problems.

In considering a child's best interests, we give primary consideration to the child's safety, to furthering the long-term nurturing and growth of the child, and to

the physical, mental, and emotional condition and needs of the child. Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 41. "A parent cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000).

We conclude it would not be in the best interests of B.L. to delay the termination of Christie's parental rights. She had many months to address her substance abuse and mental health problems but waited literally until the day before the termination hearing to have a new substance abuse evaluation and was scheduled to have a mental health evaluation the day after the hearing. As we have noted many times, patience with parents may soon turn into intolerable hardship for a child waiting for a stable home. *See In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997).

We affirm the decision of the juvenile court terminating Christie's parental rights to B.L.

**AFFIRMED.**