# IN THE COURT OF APPEALS OF IOWA

No. 14-1314
Filed December 10, 2014

**IN THE INTEREST OF L.F.,**
**Minor Child,**

**R.O., Mother,**
    Appellant.
_____

    Appeal from the Iowa District Court for Union County, Monty W. Franklin,
District Associate Judge.

    A mother appeals from the order terminating her parental rights.
**AFFIRMED.**

    Adam Kehrwald of Kehrwald Law Firm, Des Moines, for appellant mother.

    David L. Jungmann of David L. Jungmann, P.C., Greenfield, for father.

    Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant
Attorney General, and Timothy R. Kenyon, County Attorney, for appellee State.

    Patrick W. Greenwood, Lamoni, guardian ad litem and attorney for minor
child.

    Considered by Vogel, P.J., Vaitheswaran, J., and Mahan, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

A mother appeals from the order terminating her parental rights to her minor child. We conclude the juvenile court properly terminated the mother's parental rights under Iowa Code section 232.116(1)(f) (2013). We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings.

Rudie and Timothy are the parents of L.F., who was born in February 2010. The parents have a history of substance abuse and domestic violence. L.F. was removed from the parents' care in April 2010 and placed in foster care when both parents tested positive for methamphetamine. L.F. was adjudicated to be a child in need of assistance (CINA). The parents participated in services, and that case was closed in November 2010.

The parents were involved in a domestic abuse incident in March 2011, and they thereafter agreed to voluntary services. The child was removed from the parents' care for a second time in August 2012 due to their continuing problems with substance abuse. A new petition was filed, and L.F. was adjudicated to be a CINA on September 19, 2012, pursuant to sections 232.2(6)(b), (c)(2), and (n) (2011). L.F. was returned to the father's care at the time of the adjudication order. In November 2012, the father was arrested on theft charges, and he admitted he had been abusing prescription drugs. The child was removed from his care and placed with his former foster family.

The mother attended a series of substance abuse treatment programs, but was unsuccessful in remaining sober. In June 2013 she had a major relapse and became essentially homeless. She was inconsistent in attending visitation,

sometimes leaving visitation early and sometimes appearing while under the influence of methamphetamine. She was arrested in August 2013; she entered a guilty plea to possession of pseudoephedrine as a precursor and was sentenced to prison.

The mother was released from prison in January 2014 and entered the House of Mercy, where she was receiving treatment for substance abuse. She last saw L.F. in July 2013, before she went to prison. She had sporadic telephone contact with L.F. after her release. L.F. has been out of the care of the mother for about half of his lifetime.

The State filed a petition on February 20, 2014, seeking to terminate the parents' rights. After a hearing, the juvenile court entered an order on July 31, 2014, terminating the mother's parental rights under Iowa Code sections 232.116(1)(d), (f), (i), and (*l*) (2013).[1] The court noted, "[L.F.] should not have to wait any longer for Rudie to be a parent to him, especially when her past behaviors and lack of success cast significant doubt on her ability to do so." The court also stated:

> [L.F.'s] whole life has been filled with chaos, uncertainty, and instability as a result of his parents' decisions, actions, and inability to place his interests and needs before their own. [L.F.] has spent half of his young life in foster care and the only stability that he has experienced has been provided to him by his foster parents [ ], and their family.

The mother appeals the order terminating her parental rights.

---

[1] Timothy's parental rights were also terminated. He has not appealed.

## II.  Standard of Review.

The scope of review in termination cases is de novo.  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).  Clear and convincing evidence is needed to establish the grounds for termination.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).  Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence.  *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002).  The paramount concern in termination proceedings is the best interests of the child.  *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III.  Merits.

The mother contends there is not sufficient evidence in the record to support termination of her parental rights on any of the four grounds cited by the juvenile court.  "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."  *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

We determine there is clear and convincing evidence in the record to support termination of the mother's parental rights based on section 232.116(1)(f).  The evidence showed L.F. was more than four years old.  *See* Iowa Code § 232.116(1)(f)(1).  He had been adjudicated a CINA.  *See id.* § 232.116(1)(f)(2).  He had been removed from the parents' care since November 2012, more than sixteen months before the termination hearing.  *See id.* § 232.116(1)(f)(3).  Furthermore, the evidence showed he could not be returned to the mother's care at the time of the hearing.  *See id.* § 232.116(1)(f)(4).  The mother was in the early stages of treatment for

substance abuse. She had sought treatment several times in the past and been unsuccessful. Due to her history of substance abuse, she has not been able to provide for L.F.'s needs. In addition, the mother had not had a face-to-face visit with L.F. for more than eight months.

We conclude the juvenile court properly terminated Rudie's parental rights under section 232.116(1)(f). We affirm the decision of the juvenile court.

**AFFIRMED.**