653 N.W.2d 359 (2002)
In the Interest of D.D. and V.D., Minor Children,
R.D., Father, Appellant.
No. 01-1573.
Supreme Court of Iowa.
November 14, 2002.
*360 Tiffany J. Koenig and Christopher Kragnes, Sr., Des Moines, for appellant.
Thomas J. Miller, Attorney General, Tabitha Gardner, Assistant Attorney General, Brett Lucas, Assistant Polk County Attorney and Jennifer Navis, Assistant Polk County Attorney, for appellee State.
NEUMAN, Justice.
This case concerns two siblings who were adjudicated children in need of assistance (CINA) under Iowa Code section 232.2(6)(d) (2001). The court of appeals affirmed the adjudication as to one child but not the other. We granted the State's application for further review. Because the record supports CINA status for both children, we vacate the decision of the court of appeals and affirm the judgment of the juvenile court.

I. Background Facts and Proceedings.
Roger and Sharon are the adoptive parents of Vicki and Dustin. The children were adopted out of the foster care system when they were six and four years old, respectively. This case arises out of an allegation of sexual misconduct committed by Roger against Vicki when she was ten years old. The abuse came to light when it was reported by Vicki's eight-year-old neighbor, Heather, who was also involved in the incident.
The girls reported that they were playing in the bathtub when Roger entered the bathroom and got into the bathtub with them. Roger wore swimming trunks; the girls were naked. Roger reportedly encouraged the girls to soap his chest and stomach and then slide down his body. During a subsequent investigation by authorities, Vicki was asked why the girls did not slide all the way down into the water. Vicki replied, "there was a bump in his bathing suit." Heather related the same sequence of events.
Des Moines Police Department detectives and DHS investigators interviewed all of the family members shortly after the incident was reported. Vicki told the interviewers that this activity had occurred on previous occasions, always when her mother was out of the house. Vicki knew that her mother did not think Roger should be in the bathroom with her.
Dustin, age eight, denied having ever taken a bath with his father. He also stated that he had never had a "bad touch" from anyone.
In response to investigators' inquiries, Roger initially admitted his involvement in *361 the incident and stated that he had played this "game" before with Vicki. He denied any sexual motivation for his conduct but admitted having a partial erection while in the bathtub with the girls. Characterizing his conduct as a "mistake," Roger acknowledged his behavior "may have been close to the edge."
Upon the commencement of CINA proceedings, Roger's story began to change. He minimized his involvement in the incident and, instead, blamed the girls. At the CINA adjudication hearing he portrayed the event as nothing more than his response to a behavioral problem brought on by Vicki's attention deficit disorder. He insisted she defiantly refused to get out of the tub and he was forced to retrieve her. Incredibly, he claimed he was unaware that Heather was even in the tub. As for the "bump" in his shorts, he said it must have been car keys.
The juvenile court found the children's description of events more credible than Roger's and adjudicated both Vicki and Dustin as children needing assistance as defined by Iowa Code section 232.2(6)(d). The children were placed in the custody of their mother while family-centered services were ordered to address Roger's "boundary" issues. Roger appealed. We transferred the case to the court of appeals. That court affirmed the CINA adjudication as to Vicki but held the record contained insufficient proof of imminent harm to warrant the same finding as to Dustin. We then granted the State's application for further review to address its challenge to the court of appeals' decision.

II. Scope of Review.
We review CINA cases de novo. In re J.R.H., 358 N.W.2d 311, 317 (Iowa 1984); In re D.T., 435 N.W.2d 323, 329 (Iowa 1989). We are not bound by the juvenile court's factual findings, but give them weight, especially when credibility is at issue. In re D.T., 435 N.W.2d at 329.

III. Issue on Appeal.
The issue is simply whether the record contains clear and convincing proof that Dustin is a child in need of assistance as defined in Iowa Code section 232.2(6)(d). The State contends the record supports the juvenile court's belief that Dustin is "imminently likely to be sexually abused" by his father. See Iowa Code § 232.2(6)(d). Roger counters that the record contains no evidence that he has sexually abused or is imminently likely to sexually abuse Dustin.

IV. Analysis.
The State bears the burden of proving child in need of assistance allegations by clear and convincing evidence. Iowa Code § 232.96(2). Clear and convincing evidence is evidence that leaves "no serious or substantial doubt about the correctness of the conclusion drawn from it." Raim v. Stancel, 339 N.W.2d 621, 624 (Iowa Ct.App.1983); see also In re C.B., 611 N.W.2d 489, 492 (Iowa 2000).
Dustin's CINA adjudication rests on Iowa Code section 232.2(6)(d). That section states:
"Child in need of assistance" means an unmarried child:
....
d. Who has been, or is imminently likely to be, sexually abused by the child's parent, guardian, custodian or other member of the household in which the child resides.
Iowa Code § 232.2(6)(d) (emphasis added).
The record clearly reveals that Roger exceeded all bounds of sexual propriety between himself, his daughter and her eight-year-old friend. To suggest that he has trouble with "boundary issues" is a *362 gross understatement. Like the juvenile court, we find Roger's earlier admissions of impropriety more convincing than his later, revised version of the facts. The girls' statements, repeated with little variation to several adults, merits more credence. Roger's attempt to shift the blame for his behavior to the girls reveals a disturbing propensity to minimize plainly improper conduct.
Reports submitted at the CINA hearing support Roger's claim that he possesses positive parental qualities and enjoys a strong bond with his children. Yet the record fully supports the juvenile court's finding that both children need to remain under court supervision until Roger addresses and resolves the issues bringing this family before the court. Of great concern is the child protection worker's characterization of Roger's behavior as "part of a grooming process" for more serious sexual abuse. In her words, the children "would be at high risk" without intervention by the court.
Dustin was only eight years old when these incidents occurred. He has been diagnosed with ADHD and was in the foster care system before being adopted at the age of four. These factors render Dustin an especially vulnerable target of his father's inappropriate behavior. The State persuasively argues that, if he is not adjudicated CINA, Dustin will be at an even higher risk of abuse because Roger no longer has access to Vicki and is not living at home with his wife.
Although every CINA adjudication addresses a unique situation, facts in prior cases suggest that perpetrators of sexual abuse often abuse multiple children in the family without regard to the sex of the child. See, e.g., State v. Farnum, 397 N.W.2d 744, 745 (Iowa 1986) (defendant convicted of sexually abusing boy and girl living in home along with neighbor girl). Prior decisions likewise reflect the common sense notion that, ordinarily, all siblings are at risk when one child has been sexually abused. See, e.g., In re E.B.L., 501 N.W.2d 547, 548 (Iowa 1993) (father allegedly sexually abused oldest daughter and all six children adjudicated CINA); In re A.B., 492 N.W.2d 446, 447 (Iowa Ct. App.1992) (court ordered CINA petition filed on all children after allegations of sexual and physical abuse of one child).
The most important consideration in any CINA case is the best interests of the child. In re D.T., 435 N.W.2d at 329. Dustin's best interests are served by adjudicating him a child in need of assistance. Were the court to afford only Vicki the protection and help of CINA status, Dustin would be left to fend for himself against the alleged abuser, his father. We refuse to leave Dustin without a safety net while Roger deals with the issues surrounding his sexual misconduct. In short, the record leaves no "serious or substantial doubt" that Dustin is in imminent danger of being sexually abused by his father if he is not adjudicated a child in need of assistance. We therefore vacate the contrary decision of the court of appeals and affirm the dispositional order entered by the district court.
DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.