# IN THE COURT OF APPEALS OF IOWA

No. 15-0720
Filed July 9, 2015

**IN THE INTEREST OF L.W. and D.T.,**
**Minor Children,**

**C.W., Father,**
         Appellant,

**J.B., Mother,**
         Appellant.

_____

        Appeal from the Iowa District Court for Cerro Gordo County, Annette

Boehlje, District Associate Judge.


        A mother and father appeal separately from the order terminating their

parental rights.  **AFFIRMED ON BOTH APPEALS.**


        Charles H. Biebesheimer of Stillman Law Firm, Clear Lake, for appellant

father.

        Michael J. Moeller of Sorensen Law Office, Clear Lake, for appellant

mother.

        Thomas J. Miller Attorney General, Kathrine Miller-Todd, Assistant

Attorney General, Carlyle D. Dalen, County Attorney, and Nichole M. Benes,

Assistant County Attorney, for appellee State.

        Crystal L. Ely of Young Law Office, Mason City, for minor children.


        Considered Vaitheswaran, P.J., Doyle, J., and Mahan, S.J.*

        Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

A mother and father appeal separately from the order terminating their parental rights. The mother has failed to show (1) there was not sufficient evidence to support termination of her parental rights, (2) termination was not in the children's best interests; or (3) the juvenile court should have exercised its discretion to decide not to terminate her parental rights. For the father, no exceptions militate against termination of his parental rights. We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings.

Jennifer is the mother of D.T., born in 2000, and L.W., born in 2006. Christopher is the father of L.W.[1] Concerns arose about domestic violence in the parents' relationship and physical abuse of the children. L.W. told social workers Christopher "hurt with his fists." The State filed petitions alleging the children were in need of assistance (CINA). After a hearing, the juvenile court entered an order on December 13, 2013, adjudicating the children as CINA pursuant to Iowa Code section 232.2(6)(c)(2) (2013), based on a finding that continuation in the home would "expose both children to physical violence on them and their mother." D.T. was placed with his paternal grandmother, Christine. L.W. was placed with his maternal grandmother, Donna.

Jennifer and Christopher were ordered to participate in family-centered services, individual counseling, and random drug testing. They were also each ordered to complete a mental health evaluation. They participated in services, but made little progress because they prioritized their relationship with each other

---

[1] The father of D.T. is deceased.

rather than focusing on the needs of the children. They continued to deny or minimize the level of violence in the home. They lived together until October 2014, when Christopher spent thirty days in jail for failure to pay child support. Jennifer moved in with her mother, Donna, where L.W. also resided. After Christopher was released, the parents continued to spend time together, although they no longer lived together, and Jennifer supported Christopher financially.

Jennifer and Christopher were granted visitation at the discretion of the Iowa Department of Human Services. Jennifer was very inconsistent in her visitation with D.T. Since moving in with Donna in October 2014, Jennifer has seen L.W. every day. Donna, however, provides the parenting for L.W., including getting him up for school and making his breakfast. Jennifer saw L.W. for only a short period of time after he came home from school, before she left for work. Christopher moved to Waterloo in November 2014; he had had no face-to-face visitation with L.W. since his move, but continued to have telephone contact.

On December 4, 2014, the State filed petitions seeking termination of Jennifer's parental rights to D.T. and L.W. and Christopher's parental rights to L.W. A termination hearing was held on March 27, 2015. The juvenile court terminated the parents' rights under section 232.116(1)(f). The court found Christopher was unwilling to admit or address the issue of domestic violence and Jennifer was unable or unwilling to protect the children from Christopher. The court concluded termination was in the children's best interests. The court considered the exceptions in section 232.116(3), but determined "no exceptions

militate against termination." Jennifer and Christopher have separately appealed the termination order.

## II. Standard of Review.

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interest of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Jennifer.

**A.** Jennifer contends there is not sufficient evidence in the record to support termination of her parental rights. She first asserts L.W. was not removed from her physical custody for at least twelve months. The children were removed from her care on December 13, 2013. While Jennifer moved in with Donna in October 2014, where L.W. was also living, L.W. was never returned to Jennifer's care. L.W. remained in the physical care of his maternal grandmother, Donna, throughout the juvenile court proceedings.

Jennifer also asserts the State failed to show, by clear and convincing evidence, that the children could not be safely returned to her care. She states she has now separated from Christopher and there would be no harm to the children if they were placed in her care. The juvenile court found the parents were not credible in their claims they were no longer together. The court found,

"It is clear that Chris will always be Jennifer's priority, not the boys or even her own safety. She is emotionally dependent upon Chris." The evidence shows neither Jennifer nor Christopher has addressed the issue of domestic violence in their relationship. We agree with the juvenile court's conclusion that there is clear and convincing evidence Jennifer would be unable to keep the children safe. The court properly determined Jennifer's parental rights should be terminated under section 232.116(1)(f).

**B.** Jennifer claims termination of her parental rights is not in the best interests of the children. Once the juvenile court has determined one of the grounds for termination under section 232.116(1) has been proved, the court then considers whether to terminate, looking at the factors in section 232.116(2). *In re P.L.,* 778 N.W.2d 33, 40 (Iowa 2010). Under section 232.116(2), we consider a child's best interests, giving "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."

We agree with the juvenile court's conclusion that termination of Jennifer's parental rights is in the best interests of the children. Jennifer's first priority is her relationship with Christopher. Although she participated in counseling, she remained unable to meet the needs or to attend to the safety of the children. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

**C.** Jennifer asserts the juvenile court should have applied the exceptions in section 232.116(3)(a), "A relative has legal custody of the child," and (c), "There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." If an exception under section 232.116(3) applies the court, in its discretion, may decide not to terminate. *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014). The application of the factors in section 232.116(3) is permissive, not mandatory. *Id.* In exercising its discretion, the court should consider the unique circumstances of the case and the best interests of the child. *Id.* We concur in the court's conclusion that the exceptions do not militate against termination in this case based on the children's need for safety and stability.

We affirm the juvenile court's termination of Jennifer's parental rights to D.T. and L.W.

**IV. Christopher.**

Christopher raises only one issue on appeal. He asserts the court should have decided not to terminate his parental rights to L.W. based upon the exceptions found in section 232.116(3)(a) and (c). We have already considered these exceptions as they applied to Jennifer. We likewise conclude the juvenile court did not abuse its discretion in its determination that the exceptions in section 232.116(3) did not militate against termination of Christopher's parental rights. The court stated:

> Although [L.W.] is bonded to his parents, neither one is appropriate to care for him at this time. Due to the dynamics of domestic violence, which neither parent has resolved or even admitted, the child would not be protected in his mother's care from

his father, nor would his father be appropriate to care for him due to the father's aggression.

We affirm the juvenile court's termination of Christopher's parental rights to L.W.

**AFFIRMED ON BOTH APPEALS.**