# IN THE COURT OF APPEALS OF IOWA

No. 16-0010
Filed February 24, 2016

**IN THE INTEREST OF E.C. and A.C.,**
**Minor Children,**

**B.C., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

Jane Odland of Odland Law Firm, P.L.L.C., Newton, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Meegan M. Keller of Keller Law Office P.C., Altoona, guardian ad litem for minor children.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A mother appeals from the order terminating her parental rights to her two children.[1] We find termination of the mother's parental rights is in the children's best interest despite the closeness of the bond between the mother and the children. We affirm the decision of the juvenile court.

The State filed a petition alleging the children, who were born in 2012 and 2013, were in need of assistance (CINA) because the mother had been permitting the maternal grandmother to care for the children while using methamphetamine and marijuana. The mother and the children lived with the maternal grandmother. The juvenile court entered a CINA adjudication order on November 26, 2014, based on Iowa Code section 232.2(6)(c)(2) (2013).

In February 2015, the mother and children tested positive for methamphetamine. The children were then removed from the mother's care and placed in foster care. In August 2015 the mother admitted to a social worker she had been using methamphetamine. The mother never followed through with recommended treatment for substance abuse and continued to associate with known drug users. She moved approximately twenty times during the CINA proceedings, at times living in a van. She did not complete parenting classes. She was inconsistent in attending supervised visitation, and did not attend any visits in November 2015.

The State filed a petition for termination of parental rights on September 29, 2015. After a hearing, the court entered an order terminating the

---

[1] The biological father(s) of the children are unknown. The juvenile court terminated the parental rights of all putative fathers after notice by publication.

mother's parental rights under sections 232.116(1)(d), (e), (h), and (*l*) (2015). The court found termination was in the children's best interests, stating:

> In determining whether termination of parental rights is in the best interest of the Children, the court must apply the criteria set out in Section 232.116(2). The mother's ability to care for her children is obviously affected by her substance-related problems and nomadic lifestyle. She has not been able to care for herself or the children for the past nine months and will not be able to do so in the near future. Her substance-related problems, her failure to address her substance abuse issues and parenting deficiencies, and her twenty moves in the past year, have prevented her from providing for the children's safety, long-term nurturing and growth, and physical, mental and emotional needs, and will continue to prevent her from doing so for the foreseeable nature.

The court determined none of the exceptions in section 232.116(3) applied. The mother appeals the termination of her parental rights.

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interest of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

The mother does not dispute the grounds for termination of her parental rights, but claims termination is not in the children's best interests due to the bonds of love and affection between the mother and her children. In considering the best interests of a child, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the

child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). We consider the children's long-range, as well as their immediate best interests. *In re T.P.*, 757 N.W.2d 267, 269 (Iowa Ct. App. 2008).

We conclude termination of the mother's parental rights is in the children's best interest. She has not addressed her problems with substance abuse. She continues to associate with people who use illegal drugs. Also, the mother does not have stable housing and does not have a residence suitable for raising the children. Furthermore, as the juvenile court found, "The mother has not shown the ability or capacity to properly parent these children." For the same reasons, we find there is not clear and convincing evidence in the record to show termination of the mother's rights would be detrimental to the children due to the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c).

We affirm the decision of the juvenile court terminating the mother's parental rights.

**AFFIRMED.**