**IN THE COURT OF APPEALS OF IOWA**

No. 16-0353
Filed May 11, 2016

**IN THE INTEREST OF K.P.,**
**Minor Child,**

**A.P., Father,**
       Appellant.
_____

Appeal from the Iowa District Court for Winneshiek County, Alan D. Allbee, Associate Juvenile Judge.

A father appeals from the order terminating his parental rights. **AFFIRMED.**

Whitney L. Schiller of Shafer & Shafer, Waukon, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Patrick Ritter of Elwood, O'Donohue, Braun & White, West Union, for minor child.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A father appeals the order terminating his parental rights. We find there is clear and convincing evidence in the record to support terminating the father's parental rights and termination is in the child's best interests. Lastly, the circumstances of this case do not support an exception to termination based upon the closeness of the parent-child relationship. We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings

A.P., father, and A.R., mother, are the parents of a child born in 2010. The parents lived together for a period of time, but separated due to domestic violence. The child was removed from the mother's care in January 2013 due to the mother's use of methamphetamine and marijuana. The child was placed with the maternal great-grandmother.

The child was adjudicated to be in need of assistance (CINA) under Iowa Code section 232.2(6)(n) (2013). The child was returned to the mother's care for a substantial period of time. In August 2014, the mother had a child with a different father, and the mother and new child both tested positive for illegal drugs. The child in this case was then removed from the mother's care and again placed with the maternal great-grandmother. During the extended period of time the child was involved in CINA proceedings, the father participated very little in services or supervised visitation.

A petition seeking termination of the parents' rights was filed on August 11, 2015. The termination hearing was held on February 10, 2016. The record shows the father had a previous conviction for fourth-degree criminal

mischief and was on probation. He had two positive drugs tests for marijuana. At the time of the hearing the father was in jail for probation violations. The father testified he expected to be placed in a work-release facility, where he would be for one to six months. He also testified, when released, he would not be able to participate in services or visitation because his employment required him to travel.

The juvenile court entered an order on February 10, 2016, terminating the father's parental rights pursuant to section 232.116(1)(e) and (f) (2015).[1] The court found termination of the father's parental rights was in the child's best interests. The court also found circumstances were not present for an exception to termination based on the closeness of the parent-child relationship. The father appeals the termination of his parental rights.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

---

[1] The mother's parental rights were also terminated. She has not appealed.

### III. Sufficiency of the Evidence

The father claims there is not clear and convincing evidence in the record to support termination of his parental rights. "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015).

Concerning section 232.116(1)(f), the father only disputes the element of whether the child could be safely returned to his care. The father was in jail at the time of the termination hearing. He expected to be placed in a work-release facility, where he would remain for one to six months. There is clear and convincing evidence in the record the child could not be safely returned to the father's care at the time of the termination hearing. We find there is sufficient evidence in the record to support termination of the father's parental rights under section 232.116(1)(f).

### IV. Best Interests

The father claims termination of his parental rights is not in the child's best interests. In considering a child's best interest we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). The evidence shows the father has not been a stable influence in the child's life. He had contact with the child and social workers when it was convenient for him but otherwise was not available. We determine termination of the father's parental rights is in the child's best interests.

### V.     Exception

The father claims the juvenile court should have decided not to terminate his parental rights due to the exception in section 232.116(3)(c) providing termination need not occur if it would be detrimental to the child due to the closeness of the parent-child relationship.  Throughout the CINA case, which began back in 2013, the father's contact with the child has been very sporadic. The evidence in this case does not support a finding termination would be detrimental to the child due to the closeness of the parent-child relationship.

We affirm the decision of the juvenile court terminating the father's parental rights.

**AFFIRMED.**