# IN THE COURT OF APPEALS OF IOWA

No. 16-0816
Filed July 27, 2016

IN THE INTEREST OF K.C. and G.C.,
Minor Children,

D.C., Mother,
Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A mother appeals the order terminating her parental rights. **AFFIRMED.**

Taryn R. Purcell of Blair & Fitzsimmons, P.C., Dubuque, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and Kathryn K. Lang, Assistant Attorneys General, for appellee State.

Neill A. Kroeger, LeClaire, for minor children.

Considered by Vogel, P.J., and Doyle and Bower, JJ. Tabor, J., takes no part.

**BOWER, Judge.**

A mother appeals the order terminating her parental rights. We conclude the juvenile court properly terminated the mother's parental rights under Iowa Code section 232.116(1)(d) (2015) and it would not be in the children's best interests to extend this case to give the mother additional time to reunite with the children. We affirm the decision of the juvenile court.

## I.      Background Facts & Proceedings

S.C., father, and D.C., mother, were previously involved with the Iowa Department of Human Services (DHS) in regard to two older children, S.C. Jr. and C.C. In October 2011, DHS issued a founded report of physical abuse of S.C. Jr. by his father and a founded report of physical abuse by omission by his mother. At that time the concerns were the mother's mental health and the father's substance abuse. The children were adjudicated to be in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(b), (c)(2), and (n) (2011). The parents participated in services and in July 2013 the CINA proceedings were closed.

Shortly after the previous CINA case was closed, K.C. was born. In 2014, there was an incident of domestic violence and D.C., who was pregnant with the couple's fourth child, temporarily moved to a shelter. There were also concerns about unsanitary conditions in the home and the parents' supervision of the children. On November 4, 2014, the children, including K.C., were adjudicated to be CINA pursuant to section 232.2(6)(b), (c)(1), and (c)(2) (2013). The court noted "the children are living in a home where domestic violence has been

alleged and there are questions as to the appropriate supervision of the children, and [S.C. Jr.] was at school with some bruising."

Multiple reports indicated the father was abusive, controlling, and domineering. On March 17, 2015, the juvenile court entered an order providing the children could remain in the mother's care, with the understanding the father would not be in the home and the children would participate in protective daycare and counseling. The children were removed from the mother's care on April 22, 2015. K.C. was placed in the care of the maternal grandfather. The court found, "while the father is perhaps not sleeping at the home, he is still at the home." Additionally, the court found the home was not safe and the mother had not arranged for protective daycare or counseling.

After G.C. was born, the juvenile court entered an order on June 25, 2015, adjudicating her as a CINA under section 232.2(6)(b), (c)(2), and (n) (2015), pursuant to the stipulation of the parties. At the same time the court returned K.C. to the care of the mother, who had separated from the father.[1] The guardian ad litem (GAL) expressed concerns the mother was continuing a relationship with the father. The juvenile court entered an order on January 5, 2016, stating, "Any contact between the mother and father will result in removal of children from the mother."

The State filed a petition for termination of the parents' rights on February 4, 2016. The children were removed from the mother's care on February 15, 2016, due to a report the mother had cut her wrist, stating she was

---

[1] The older children, S.C. Jr. and C.C., were not returned to the mother's care. The present proceedings involve only K.C. and G.C.

going to kill herself in front of K.C. and G.C. The mother admitted she had been having contact with the father. The children were placed in foster care and the mother, who was having serious mental health issues, became homeless.

After a hearing, the juvenile court entered an order on May 3, 2016, terminating the mother's parental rights pursuant section 232.116(1)(d).[2] The court specifically found the CINA adjudication for each child under section 232.2(6)(b) met the requirement of section 232.116(1)(d) because "it involved physical abuse by the parent(s) of a sibling [S.C. Jr.]." The court found, due to the actions of the parents, which the children had observed, the children had been seriously emotionally impacted. The court concluded termination was in the children's best interests. The mother appeals the termination of her parental rights.

## II.    Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

---

[2] The father's parental rights were also terminated. He has not appealed.

**III.     Sufficiency of the Evidence**

The mother's parental rights were terminated pursuant to section 232.116(1)(d), which provides the court may terminate parental rights when both of the following have occurred:

> (1)     The court has previously adjudicated the child to be a child in need of assistance after finding the child to have been physically or sexually abused or neglected as the result of the acts or omissions of one or both parents, or the court has previously adjudicated a child who is a member of the same family to be a child in need of assistance after such a finding.
> (2)     Subsequent to the child in need of assistance adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services.

The phrases "physical abuse or neglect" or "abuse or neglect" mean "any nonaccidental physical injury suffered by a child as the result of the acts or omissions of the child's parent, guardian, or custodian or other person legally responsible for the child." Iowa Code § 232.2(42). The Iowa Supreme Court has stated, "a CINA determination under section 232.2(6)(b) may lead to termination of parental rights under section 232.116(1)(d), whereas a CINA determination under section 232.2(6)(c)(2) cannot." *In re J.S.*, 846 N.W.2d 36, 41 (Iowa 2014). This is because an adjudication under section 232.2(6)(b) requires a determination a parent, guardian, other custodian, or other member of the household has physically abused or neglected the child, or is imminently likely to abuse or neglect the child. *Id.* If there is no evidence of a "nonaccidental physical injury" to a child who is the subject of a termination proceeding, or to a child who is a member of the same family, the parents' rights may not be

terminated under section 232.116(1)(d). *See In re M.W.*, 876 N.W.2d 212, 220 (Iowa 2016).

The mother claims there was insufficient evidence of a nonaccidental physical injury which would support termination under section 232.116(1)(d). In October 2011, DHS issued a founded report of physical abuse of S.C. Jr. by his father and a founded report of physical abuse by omission by his mother. S.C. Jr. was adjudicated to be a CINA pursuant to section 232.2(6)(b) due to the founded report of physical abuse. Thus, the juvenile court had previously adjudicated a child who was a member of the same family, S.C. Jr., to be a CINA after a finding the child had been physically abused as a result of the acts or omissions of both parents. This satisfies the requirements of section 232.116(1)(d)(1). We conclude the juvenile court properly terminated the mother's parental rights under section 232.116(1)(d).

## IV. Exceptions to Termination

The mother claims the juvenile court should have declined to terminate her parental rights due to the closeness of the parent-child bond. She points out she cared for the children for most of their lives. The juvenile court may decide not to terminate a parent's rights if the court finds, "There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c); *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). We determine the juvenile court properly decided not to apply the exception found in section 232.116(3)(c), based on its finding that "failure to terminate parental rights would be contrary to the welfare of

the children, as the termination of parental rights is the only reasonable means to establish permanency for the children."

### V.    Extension of Time

The mother states the juvenile court should have given her additional time to have the children returned to her care.  She claims she was able to care for the children over an extended period of time, but shortly before the termination hearing she had a setback with her mental health and became homeless.  We determine it would not be in the children's best interests to further extend this case.  As the juvenile court noted, the children need permanency and this can only be accomplished through termination of the mother's parental rights.

We affirm the decision of the juvenile court.

**AFFIRMED.**