## IN THE COURT OF APPEALS OF IOWA

No. 16-1197
Filed September 14, 2016

**IN THE INTEREST OF J.H., J.H., & N.H.**
**Minor Children,**

**T.H., Mother,**
         Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Susan F. Flaherty,

Associate Juvenile Judge.


        A mother appeals from the order terminating her parental rights.

**AFFIRMED.**



        Zachary D. Crowdes of Crowdes Law Office, Cedar Rapids, for appellant

mother.

        Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and

Janet L. Hoffman, Assistant Attorneys General, for appellee State.

        Kimberly A. Opatz of the Linn County Advocate, Cedar Rapids, for minor

children.



        Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother appeals from the order terminating her parental rights. We find there is clear and convincing evidence in the record to support termination of the mother's rights, termination is in the children's best interests, and none of the exceptions to termination should be applied in this case. The mother has not preserved error on the issue of reasonable efforts, but even if the issue were preserved, the State made reasonable efforts in this case. We affirm the decision of the juvenile court.

## I.    Background Facts & Proceedings

T.H., mother, and I.H., father, are the parents of three children, born in 2011, 2012, and 2014. The Iowa Department of Human Services (DHS) became involved with the family after the birth of the youngest child, when hospital personnel became concerned about the mother's mental condition. The mother has a history of mental illness. The father has a history of substance abuse. There is also a history of domestic violence between the parents. The children were removed from the parents' care on July 9, 2014, because the mother had chased the father through the house with a knife, in the presence of the children.

The children were adjudicated to be in need of assistance pursuant to Iowa Code section 232.2(6)(a), (b), (c), and (n) (2013). Eventually, the parents separated and the father moved to Illinois. The mother progressed with services, and on November 20, 2015, the juvenile court determined she could begin overnight visitation. On December 25, 2015, during an overnight visit, the mother had an anxiety attack and returned the children to foster care early. She had no further overnight visits.

The State filed a petition for termination of parental rights. The juvenile court entered an order on February 11, 2016, granting the mother more time to work towards reunification. The mother was given multiple services to support her efforts to regain custody of the children.

On March 3, 2016, the mother attempted suicide by taking an overdose of prescription medication. The children were in the home at the time. In addition, a drug test of the mother was positive for marijuana. The mother stated she had been using marijuana for several months in an attempt to control seizures. Also, the children reported the father, who had not addressed his substance abuse or domestic violence problems, had visited the home for a few days.

The juvenile court entered an order on July 1, 2016, terminating the mother's parental rights pursuant to section 232.116(1)(f) (two older children) and (h) (youngest child) (2015).[1] The court found:

> [The mother's] mental health continues to interfere with her ability to provide full-time care and supervision to her children. [The mother's] unhealthy relationship with [the father] contributes to her difficulties in establishing that she could safely resume care of her children. Her use of illegal substances also contributes to her difficulties in establishing that she could safely resume care of the children. She has continued to have difficulty providing adequate care and supervision for all three children for extended periods of time.

The court concluded it was in the children's best interests to terminate the mother's parental rights. The court found none of the exceptions set out in section 232.116(3) applied in this case. The mother appeals.

---

[1] The father's parental rights were also terminated. He has not appealed the juvenile court decision.

## II.    Standard of Review

The scope of review in termination cases is de novo.  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).  Clear and convincing evidence is needed to establish the grounds for termination.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).  Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence.  *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002).  The paramount concern in termination proceedings is the best interests of the children.  *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III.    Discussion

**A.**    The mother claims there is not sufficient evidence in the record to support termination of her parental rights.  In particular, she claims the evidence fails to show the children could not be safely returned to her care.  She states some of the concerns leading to the removal of the children have been ameliorated, such as the father's substance abuse and the domestic violence between the parents.  The mother states she is addressing her mental health problems.

We conclude there is clear and convincing evidence in the record to support a finding the children could not be safely returned to the mother's care.  Due to the mother's mental health problems, she is unable to care for the children over an extended period of time.  Even with safety precautions in place, she attempted to commit suicide during a time the children were in the home.  We determine the juvenile court properly terminated her parental rights under section 232.116(1)(f) and (h).

**B.** The mother claims the State did not engage in reasonable efforts towards reunification. She states social workers caused missed visits, which acted as a barrier to her progress in the case. The State claims the mother did not preserve error on this issue.

While the State has an obligation to make reasonable efforts, it is a parent's responsibility to demand services prior to the termination hearing if they had not been offered. *In re H.L.B.R.*, 567 N.W.2d 675, 679 (Iowa Ct. App. 1997). It is too late to challenge a service plan at the termination hearing. *In re M.B.*, 595 N.W.2d 815, 818 (Iowa Ct. App. 1999). The mother did not raise her concerns concerning the reunification efforts prior to the termination hearing. Even if the mother's claims were timely, however, the record shows the State made reasonable efforts to reunite the mother with her children.

**C.** The mother claims termination is not in the children's best interests and the juvenile court should have decided not to terminate her parental rights based on the closeness of the parent-child relationship. The juvenile court may decide not to terminate a parent's rights if the court finds, "There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c); *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010).

The juvenile court found the children's "need for permanency, security, safety, physical and intellectual health dictate that it is in their best interest to have parental rights terminated." The court also found, "none of the exceptions to termination as set out in section 232.116(3) applied to these proceedings."

We agree with the juvenile court's conclusions.  The mother is not able to provide the permanency and security the children need.

We affirm the decision of the juvenile court.

**AFFIRMED.**