**IN THE COURT OF APPEALS OF IOWA**

No. 17-0500
Filed June 7, 2017

**IN THE INTEREST OF N.D.,**
**Minor Child,**

**M.S., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Thomas J. Straka, Associate Juvenile Judge.

A mother appeals the juvenile court decision terminating her parental rights. **AFFIRMED.**

Dustin A. Baker of Baker Law, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Special Assistant Attorney General, for appellee State.

Patricia M. Reisen-Ottavi of Ottavi Law Firm, Dubuque, guardian ad litem for minor child.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court decision terminating her parental rights. We find it is not in the child's best interests to give the mother another six months to work towards reunification with the child and termination is in the child's best interests despite the closeness of the parent-child relationship. We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings

D.D., father, and M.S., mother, are the parents of N.D., who was born in 2016.[1] Both parents have a lengthy history of problems with substance abuse. The mother's parental rights to seven older children were previously terminated. The parents voluntarily agreed to the child's placement in foster care; an order formally placing the child in foster care was filed on August 9, 2016.

The child was adjudicated to be in need of assistance (CINA) under Iowa Code section 232.2(6)(c)(2) and (n) (2016). At the time of the child's birth the mother was on probation for forgery. She had a positive drug test for cocaine and methamphetamine in May 2016. Due to probation violations she was ordered to participate in drug court and was placed in a halfway house. The mother had problems abiding by the program rules. In particular, she continued to have contact with D.D., despite a no-contact order, and her father, despite the fact he had sexually abused her and her older children.

A petition for termination of the parents' rights was filed on February 13, 2017. After a hearing, the juvenile court terminated the mother's rights pursuant to section 232.116(1)(g), (h), and (*l*). The court denied the mother's request for

---

[1] The father does not appeal the juvenile court order terminating his parental rights.

an extension of time. The court concluded termination was in the child's best interests, and found no exceptions in section 232.116(3) should be applied. The mother now appeals the decision of the juvenile court.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Extension of Time

The mother does not challenge the factual grounds for termination of her parental rights and we find the juvenile court properly concluded her rights could be terminated under section 232.116(1)(g), (h), and (*l*). *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) ("Because the father does not dispute the existence of the [statutory grounds for termination], we do not have to discuss this step.").

The mother asked for an additional six months to work towards reunification with the child, pursuant to section 232.104(2). The juvenile court denied the mother's request for an extension of time, finding the mother had been receiving services for many years but continued to demonstrate the same problems—substance abuse and relationships with inappropriate individuals. We

agree with the court's conclusion. An extension of time is appropriate if there is "a determination the need for removal will no longer exist at the end of the extension." *See In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005). Given the mother's past history, it is unlikely she would be able to safely care for the child after an additional six month period.

## IV. Parent-Child Relationship

The mother claims the juvenile court should have decided not to terminate her parental rights based on the bond she had with the child. Under section 232.116(3)(c), the court may decide not to terminate a parent's rights based on a finding "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."

The juvenile court noted there was an obvious bond between the mother and child. The court also noted, however, "due to the mother's continued violations in drug court and lack of progressing through levels at the correctional facility, her interactions have never progressed beyond partially supervised." The court concluded "there was no clear and convincing evidence that termination of parental rights would be so detrimental to the child that it outweighs the benefits the child will receive through the long-term permanency and stability of termination and adoption." We agree with the court's conclusion the exception in section 232.116(3)(c) should not be applied to prevent termination of the mother's rights in this case.

We affirm the decision of the juvenile court terminating the mother's parental rights.

**AFFIRMED.**