# IN THE COURT OF APPEALS OF IOWA

No. 17-0883
Filed September 13, 2017

**IN THE INTEREST OF E.T., J.T., B.G., and M.E.,**
**Minor Children**

**E.T., Father**
        Appellant,

**D.L.-T., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.


A father and mother appeal separately from the order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**


John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant father of E.T. and J.T.

Colin R. McCormack of Van Cleaf and McCormack, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Gretchen White Kraemer, Assistant Attorney General, for appellee State.

John P. Jellineck, Juvenile Public Defender, Des Moines, for minor children.

Nicole Garbis Nolan and Charles Fuson of the Youth Law Center, Des Moines, guardians ad litem for minor children.


Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A father and mother appeal separately from the order terminating their parental rights.[1]  We find sufficient evidence to support the termination of both the mother's and father's rights pursuant to Iowa Code section 232.116(1)(f) and (h) (2017).  We also find no exceptions to termination apply and termination is in the best interests of the children.  We affirm the juvenile court.

### I.  Background Facts and Proceedings

The four children came to the attention of the Iowa Department of Human Services (DHS) when J.T. tested positive for methamphetamine at birth.  Both the mother and father denied use of methamphetamines, though both had multiple drug tests return positive.  The four children were found to be children in need of assistance and removed from the parents' care.  During the CINA action the juvenile court found the parents were offered reasonable efforts to work toward reunification.  The permanency plan adopted by the juvenile court required the parents to address their substance-abuse, mental-health, housing, and domestic-violence issues.

The mother successfully completed outpatient substance abuse treatment but then once again tested positive for methamphetamine use.  The father was unsuccessfully discharged, tested positive for methamphetamine use, and failed to complete a relapse prevention program.  Neither parent reentered treatment. The mother claims her positive drug tests were caused by allergy medication, but she is unable to provide evidence to demonstrate this and has not stopped taking

---

[1] Only the father of E.T. and J.T. appeals.  The father of B.G. does not appeal, and the father of M.E. is deceased.

or changed the medication. The mother attended therapy for only two months, and the father attended therapy only once.

Review hearings were held August 9 and October 12, 2016. The juvenile court continued its prior orders and ordered additional services including family team meetings, adjustments in the visitation schedule to accommodate the father's work schedule, and psychological evaluations. The juvenile court again found reasonable efforts were being made. On February 28, 2017, a permanency hearing was held. The juvenile court found the parents had not sufficiently addressed their substance-abuse, mental-health, housing, or domestic-violence issues. The therapist for B.G. and M.E. testified the children were told by the mother DHS lies and cannot be trusted. All visits between the parents and children were fully supervised and did not progress beyond that stage. Both the mother and father continued to test positive for methamphetamine use and had active arrest warrants at the time of the termination hearing. The juvenile court terminated the parents' parental rights on May 22, 2017.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount

concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Sufficiency of the Evidence

Both the mother and father claim the evidence was not sufficient to terminate their parental rights under section 232.116(1)(f) and (h). The mother and father both concede the requirements of the first three elements of each subsection are met and contest only the element that the children would suffer further adjudicatory harm if returned to their care. *See* Iowa Code § 232.116(1)(f)(4), (h)(4). The mother and father have not addressed their substance abuse, mental health, or housing. Both parents have continued to test positive for methamphetamine use, even after receiving treatment and a year of services through DHS. Neither the father nor mother has meaningfully participated in therapy. The children's visits with the parents were often moved due to the poor condition of the family home.

The father claims he is still employed, has fixed many of the problems with the family home, and has maintained a significant and positive relationship with his children. However, he has not addressed his significant substance-abuse and mental-health issues. The mother claims she has not used methamphetamine and the positive drug tests reflect her use of allergy medication. The district court did not credit the mother's testimony, noting there was never an adjustment in the allergy medication or an offer of proof the medication could cause false positives. Additionally, the mother testified she had not used methamphetamine since she was eighteen. However, the statement was clearly false as another child, B.G., was born with methamphetamine in her

system when the mother was twenty-four. The mother has not addressed her mental-health concerns.

The parents did not make positive steps toward reunification. After a year of services, no progress was made. The mother and father have both shown themselves to be unwilling to put the needs of their children above their own selfish indulgence and harmful behaviors. Returning the children to the care of the parents at the time of the termination hearing would result in adjudicatory harm. We find the evidence was sufficient to terminate their parental rights.

## IV. Best Interests

We also find termination is in the best interests of all the children. Throughout the entire case the parents have continued their pattern of substance abuse. The parents have also refused to acknowledge and address significant mental-health issues. The therapist for the older children testified they desire permanency and stability. The parents are incapable of providing either. We find the parents have proven themselves undeserving of the responsibility of caring for and raising these children. The children deserve a stable, caring, and nurturing home, and we will not require them to continue to wait for such stability. *See D.W.*, 791 N.W.2d at 707. Termination is in the best interests of the children.

## V. Exceptions

The juvenile court may decide not to terminate parental rights if any exception set out in Iowa Code section 232.116(3) is shown. "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the

parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011). The father claims the juvenile court erred in finding the exceptions to termination did not apply. Specifically, the father claims his bond with the children is so strong as to preclude termination. The father points to instances of playing with the children during supervised visits. Isolated instances of the father properly parenting and enjoying time with his children while supervised do not point to a bond so strong as to preclude termination.

The father also claims he should have been granted an additional six months to work toward reunification. We refuse to deny the children stability for an additional six months based on the father's assurances he will finally become a minimally acceptable parent. *See D.W.,* 791 N.W.2d at 707. He has proven himself incapable and unwilling to improve himself. Past behavior is the best indication of future performance. *See In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997).

**AFFIRMED ON BOTH APPEALS.**