**IN THE COURT OF APPEALS OF IOWA**

No. 17-1682
Filed January 10, 2018

**IN THE INTEREST OF I.W.,**
**Minor Child,**

**H.R., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Scott County, Cheryl Traum, District Associate Judge.

A mother appeals the order terminating her parental rights. **AFFIRMED.**

Jean Capdevila, Davenport, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Jennifer M. Olsen of Olsen Law Office, Davenport, guardian ad litem and attorney for the child.

Considered by Vogel, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

A mother appeals the order terminating her parental rights.[1]  We find the State made reasonable efforts and termination is in the child's best interests.  We affirm the juvenile court.

### I.    Background Facts and Proceedings

I.W. was born in January 2013.  The child was voluntarily placed in foster care in May 2015 following concerns of improper supervision, and a consent order was filed placing I.W. in the custody of the Iowa Department of Human Services (DHS) on September 2, 2015.  I.W. was then adjudicated a child in need of assistance, in October 2015.

After the adjudication of I.W., the mother participated in services including parenting education, supervised visitation, foster care services, substance-abuse evaluations and treatments, domestic violence education, and budgeting education.  The mother made enough progress that I.W. was returned to her care on a trial basis.  However, this only lasted for a short period of time.  The mother began to attend services sporadically and eventually withdrew from services in April 2017.  The mother later declined some visits with I.W. and even when present would only occasionally interact with the child.

The juvenile court also found the mother had untreated mental-health issues.  The mother had not completed a mental-health evaluation more than six months after funds were made available to her.  The mother had previously received treatment but was discharged for not participating.  She had also threatened self-harm.  In May 2017, she informed a DHS worker she was taking

---

[1] The father appealed separately, but his appeal was found to be untimely.

an emergency flight to California for inpatient treatment, but after failing to complete treatment she informed the worker she was released for medical reasons. The mother did not sign releases or provide proof of treatment for any treatment.

Additionally, the mother's home was unclean and had animal waste throughout. The mother had relationships with partners who were unsuitable to be around I.W. She was moving toward unsupervised visits but allowed her boyfriend to move into her home, even though he had significant and unaddressed mental-health issues. The mother participated in substance-abuse programs but did not provide a release allowing the juvenile court to consider the documents. There is also concern the mother is improperly using her prescription medications.

A hearing was held September 12, 2017, and the juvenile court terminated the mother's parental rights October 7, pursuant to Iowa Code section 232.116(1)(b), (d-f), (i), (k), and (*l*) (2017). The mother now appeals.

## II.    Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III.    Reasonable Efforts

The mother first claims DHS did not make reasonable efforts to reunify her with I.W.  The State claims the mother did not properly preserve this issue.  The mother claims she had a "personality conflict" with her DHS service provider.  She requested DHS change the service provider in order to allow her to more fully participate in services and visitation.  DHS did not approve the change.  The mother brought this issue to the juvenile court's attention only at the termination hearing.  Generally, an issue must be raised before the court and ruled on before it is preserved for appellate review.  *In re R.J.*, 495 N.W.2d 114, 117 (Iowa Ct. App.  1992) (citation omitted).  We find the mother did not properly preserve the issue for appellate review.

### IV.    Best Interests

The mother also claims termination is not in the child's best interests.  I.W. is currently with a foster family that intends to adopt him if parental rights are terminated.  The juvenile court stated I.W. is doing well in the foster home, receives therapy on a regular basis, has his daily needs met, and is deeply bonded with the foster family.  The mother's history of instability and an inability to care for herself and the child indicate termination is in the best interests of I.W., as past behavior is the best indication of future performance. *See In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997).

**AFFIRMED.**