**IN THE COURT OF APPEALS OF IOWA**

No. 18-0623
Filed June 20, 2018

**IN THE INTEREST OF S.C.,**
**Minor Child,**

**M.S., Mother,**
        Appellant.
_____


        Appeal from the Iowa District Court for Warren County, Mark F. Schlenker,

District Associate Judge.


        A mother appeals the juvenile court decision terminating her parental rights.

**AFFIRMED.**


        Nancy L. Pietz of Pietz Law Office, Des Moines, for appellant mother.

        Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

        M. Kathryn Miller of Juvenile Public Defender Office, Des Moines, guardian

ad litem for minor child.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find there is clear and convincing evidence in the record to support termination, termination is in the child's best interests, and no exceptions to termination apply. We affirm the decision of the juvenile court.

## I.      Background Facts & Proceedings

M.S., mother, and C.C., father, are the parents of a child, S.C., born in 2016. The State removed the child from the parents' care on March 31, 2017, due to the incarceration of the father and the mother's substance abuse.  The Iowa Department of Human Services (DHS) immediately placed S.C. with the maternal grandmother, in whose home S.C. had been living.

In April the mother walked away from an in-patient substance-abuse treatment program, violating her probation for a prior criminal conviction.

The child was adjudicated to be in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2016) in May.  The court entered a dispositional order on June 28, confirming the CINA determination and ordering substance-abuse and mental-health evaluations of both parents.  The parents continued to have visitation with the child within the discretion of the DHS, supervised by the grandmother.

The mother received additional criminal citations during the pendency of the present action, including criminal trespass at the grandmother's home and probation violations.  Throughout the spring and summer, the mother was in and out of jail and treatment programs.  Each time M.S. left treatment, she relapsed within a week.

On September 3, the court granted the parents a six-month permanency extension to prove their ability to care for the child. The court's order indicated the parents needed to remain sober, participate in treatment, and provide a stable and substance-free home for the child.

M.S. failed to attend recommended treatment, incurred trespass arrests for refusing to leave her mother's residence, and missed required drug tests, each of which were violations of her probation. On September 29, M.S. failed to appear for a scheduled drug test, even after the DHS case worker informed M.S. a missed test would count as positive and what the consequences would be. In October, M.S. failed to report to or respond to communication requests from her probation officer. She was jailed at the end of October, and remained in a women's facility at the time of the termination hearing.

On November 17, the State filed a petition seeking termination of the parents' rights.

On January 22, the mother underwent a substance-abuse evaluation. At that evaluation, she reported use of heroin in August and methamphetamine in October 2017.

The termination hearing was held on January 25, 2018. The court heard testimony from each parent and the assigned DHS worker. At the time of the hearing, M.S. had obtained a job offer, but was not certain she would accept it.

On March 26, the court terminated the mother's parental rights under Iowa Code section 232.116(1)(h) and (l) (2017).[1] The court found termination was in

---

[1] The father's parental rights were also terminated. He has not appealed.

the child's best interests and no exceptions to termination, as set out in section 232.116(3), should be applied. The mother now appeals.

## II. Standard of Review

The scope of review is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

## III. Grounds for Termination

Under chapter 232, we follow a three-step analysis for termination of parental rights. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). If we find a basis for termination exists under section 232.116(1), we then proceed to determine whether termination is in the best interests of the child under section 232.116(2). Finally, we must consider whether any of the statutory exceptions in section 232.116(3) allow the court to decline to terminate.

## IV. Sufficiency of the Evidence

The mother claims there is insufficient evidence in the record to warrant termination of her parental rights. In particular, she claims she could soon assume custody of the child and she does not present a danger to herself or others. "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the

record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We will focus on section 232.116(1)(*l*).

Section 232.116(1)(*l*) allows for termination where the parent has a severe substance-abuse problem that poses a danger to the parent or others, and the child will not be able to return to the parent's care within a reasonable time. Less than one month after the court granted the permanency extension with its condition of sobriety, M.S. displayed behavioral indicators of continued drug use at a family meeting with DHS. "Where the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998). During the termination hearing, M.S. admitted her longest period of sobriety when not in jail since S.C.'s removal from her care was one week. She has shown no ability to complete substance-abuse treatment, instead moving from evaluation to evaluation and completing none of the care recommended. The State has proven by clear and convincing evidence the mother is unlikely to sustain sobriety to allow her to provide a safe home and assume care for the child within a reasonable time.

## V.     Permanency Extension

The mother requests an additional six months to reunite with the child. To extend the permanency determination, the juvenile court must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). While the law requires a "full measure of patience

with troubled parents," that patience is part of the process of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). The patience afforded a parent can turn into an intolerable hardship for the child. *In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989). An extension is appropriate if the need for removal will no longer exist at the end of the extension. *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005).

The mother has demonstrated no ability to remain sober in the outside world. The court previously granted a six-month extension to the mother to prove her ability to remain sober, which she failed by using drugs less than a week after the extension was granted. She participated in several substance-abuse evaluations following removal of the child, but completed none of the recommended treatments prior to the termination hearing. At the hearing, four-and-a-half months after the court granted an extension, and two months after the State's petition to terminate, the mother had yet to begin substance-abuse treatment or obtain a mental-health evaluation. The district court found insufficient evidence that additional time would allow the child to be returned to her. We agree, and find an extension of time is not in the child's best interests.

## VI. Best Interests

The mother claims termination of her parental rights is not in the child's best interests. In determining children's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *In re A.S.*, 906 N.W.2d 467, 474 (Iowa 2018). We consider the child's long-range as well as immediate best interests. *In re T.P.*, 757 N.W.2d 267, 269 (Iowa Ct. App. 2008).

We find termination of the mother's parental rights is in the child's best interests. The record clearly shows the mother has been unable to maintain sobriety outside of a form of incarceration. The mother's substance abuse is marked by periods of treatment and relapse. M.S. used controlled substances multiple times during the juvenile court proceedings and was in and out of jail throughout the proceedings.

M.S. had only seen the child four times in the three-month period leading up to the termination hearing. The child needs stability and safety, which have been provided by the child's grandmother since birth. The grandmother has indicated she will adopt S.C. Due to the mother's unresolved ongoing substance-abuse issues and criminal behavior, S.C.'s best interests will be served by terminating the mother's parental rights.

## VII. Exceptions to Termination

The mother claims the court should not terminate her parental rights because the child is in a relative placement with the maternal grandmother. Iowa Code section 232.116(3)(a) provides "[t]he court need not terminate the relationship between the parent and child if . . . [a] relative has legal custody of the child." The exception is permissive, not mandatory. *A.S.*, 906 N.W.2d at 475–76.

The district court declined to apply the 232.116(3) exception of placement with a relative. In particular, the court cited the child's young age and the mother's confrontational history with the custodial grandmother. Moreover, the court found the child's bond with M.S. "to be minimal at best, if it exists at all."

The child has always lived with the maternal grandmother, and has been in her legal custody since the spring of 2017. The grandmother has called the police

multiple times to arrest M.S. for trespassing. In at least one of those arrests, the grandmother claims M.S. attempted to leave the premises with S.C. without permission. We agree with the court's conclusion the exception in section 232.116(3)(a) should not be applied in this case.

For the above reasons, we find termination is appropriate in this case.

**AFFIRMED.**