

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-93,813-01

### EX PARTE MICHAEL KEITH LUERA, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. A-13,345-A IN THE 173RD DISTRICT COURT
### FROM HENDERSON COUNTY

**KELLER, P.J., filed a dissenting opinion in which HERVEY, YEARY and SLAUGHTER, JJ., joined.**

### DISSENTING OPINION

The complainant has recanted, but in this case, that is simply not enough to meet the "Herculean" task of establishing actual innocence.[1]  In an interview with a sheriff's detective, Applicant said that, on two occasions, his clothed penis rubbed against the Complainant's "butt" while he bounced her on his lap and that he had sexual thoughts, with perhaps a small erection.  That statement suggests a perpetrator partially admitting to, but seeking to minimize, his conduct, and a

---

[1] *See Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006) ("Establishing a bare claim of actual innocence is a Herculean task.").

rational jury could take it as such.[2]  Combined with his guilty plea, that language would support a rational finding of guilt despite the recantation.

Moreover, the State alleged in its motion to adjudicate guilt that Applicant was seen viewing online child pornography on a computer, and at the adjudication hearing there was testimony that supported the allegation.  The trial court found this and one other allegation true and adjudicated Applicant's guilt.

In view of the entire record, Applicant has not shown "by clear and convincing evidence that no rational jury would convict him in light of the new evidence."[3]

I respectfully dissent.

Filed: January 11, 2023
Do not publish

---

[2] *See In the Interest of D.D.*, 653 N.W.2d 359, 361-62 (Iowa 2002) (reciting that the investigated person "denied any sexual motivation for his conduct but admitted having a partial erection while in the bathtub with the girls" and finding this and other evidence to support a conclusion that there was no "serious or substantial doubt" that the child was in "imminent danger of being sexually abused by his father if he is not adjudicated a child in need of assistance"); *State v. Thomas*, 297 So. 3d 966, 973 (La. App. 2020) (discussing expert testimony in the sexual abuse context regarding "partial admission by perpetrators"); *Giles v. State*, 760 N.E.2d 248, 249 (Ind. App. 2002) (confession to some improper contact with the complainant characterized as a "partial confession" to sexual misconduct with a minor).

[3] *See Ex parte Elizondo*, 947 S.W.2d 202*,* 210 (Tex. Crim. App. 1996) (stating the standard for showing actual innocence).