**IN THE COURT OF APPEALS OF IOWA**

No. 16-1475
Filed November 9, 2016

**IN THE INTEREST OF J.G.-L.,**
**Minor Child,**

**D.G., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Julie A. Schumacher, District Associate Judge.

A father appeals the juvenile court decision terminating his parental rights.
**AFFIRMED.**

John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Molly Vakulskas Joly of Vakulskas Law Firm, P.C., Sioux City, for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

A father appeals the juvenile court decision terminating his parental rights. We find there is sufficient evidence in the record to support termination of the father's parental rights on the ground of abandonment or desertion. We affirm the decision of the juvenile court.

**I.      Background Facts & Proceedings**

D.G., father, and L.L., mother, are the parents of a child, who was born in 2013. The father was on probation for possession of methamphetamine with intent to deliver. In 2014, he absconded from probation and went to Nebraska. The child was removed from the mother's care on October 20, 2015, after she had a positive drug test for methamphetamine and opiates.

The child was adjudicated to be in need of assistance, pursuant to Iowa Code section 232.2(6)(b), (c)(2), and (n) (2015). The father called the Iowa Department of Human Services (DHS) on two occasions to inquire about visitation with the child, but did not follow through to participate in visitation. The father did not participate in any services.

The State filed a petition seeking termination of the parents' rights on June 18, 2016. At the termination hearing, the father testified he had been using marijuana every day until he was jailed in Iowa for probation violations. He expected to be released in October 2016. The father testified it had been almost two years since he had seen the child. The father had not paid any child support, or sent the child any presents. The father agreed the child could not turn to him for emotional support because he did not have contact with the child. He also agreed he was a stranger to the child.

The juvenile court terminated the father's parental rights under section 232.116(1)(b) and (h).[1]  The court concluded it "cannot preserve in law a relationship which no longer exists between [the child] and his parents."  The court determined it was in the child's best interests "to terminate the parent-child relationships so that he will have the opportunity to grow and mature in a safe, healthy, and stimulating environment."  The father appeals the termination of his parental rights.

## II.      Standard of Review

The scope of review in termination cases is de novo.  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).  Clear and convincing evidence is needed to establish the grounds for termination.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).  Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence.  *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002).  The paramount concern in termination proceedings is the best interests of the child.  *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III.     Sufficiency of the Evidence

The father claims there is not sufficient evidence in the record to support termination of his parental rights.  The father's rights were terminated under section 232.116(1)(b) and (h).  "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."  *In re A.B.*, 815 N.W.2d

---

[1]  The mother's rights were also terminated.  She has not appealed.

764, 774 (Iowa 2012). For purposes of this appeal, we will focus on section 232.116(1)(b).

A parent's rights may be terminated under section 232.116(1)(b) when "there is clear and convincing evidence that the child has been abandoned or deserted." The term "abandonment of a child" is defined as follows:

> "Abandonment of a child" means the relinquishment or surrender, without reference to any particular person, of the parental rights, duties, or privileges inherent in the parent-child relationship. Proof of abandonment must include both the intention to abandon and the acts by which the intention is evidenced. The term does not require that the relinquishment or surrender be over any particular period of time.

Iowa Code § 232.2(1); *see also In re A.B.*, 554 N.W.2d 291, 293 (Iowa Ct. App. 1996) ("Abandonment is characterized as a giving up of parental rights and responsibilities accompanied by an intent to forego them."). In addition, the term "desertion" is statutorily defined:

> "Desertion" means the relinquishment or surrender for a period in excess of six months of the parental rights, duties, or privileges inherent in the parent-child relationship. Proof of desertion need not include the intention to desert, but is evidenced by the lack of attempted contact with the child or by only incidental contact with the child.

*Id.* § 232.2(14).

We determine there is clear and convincing evidence in the record to show the father abandoned or deserted the child. The father had not seen the child for two years. He provided no financial support for the child. At the termination hearing, the father agreed the child could not turn to him for emotional support because he had no contact with the child. The father also agreed he was a stranger to the child at that point in time. We conclude the

juvenile court properly terminated the father's parental rights under section 232.116(1)(b).

We affirm the decision of the juvenile court.

**AFFIRMED.**