**IN THE COURT OF APPEALS OF IOWA**

No. 17-0356
Filed May 17, 2017

IN THE INTEREST OF K.H. and T.H.,
Minor Children,

K.H., Father,
      Appellant.
_____

      Appeal from the Iowa District Court for Plymouth County, Robert J. Dull,

District Associate Judge.

      A father appeals the adjudication of his child as a child in need of

assistance.  **AFFIRMED.**

      John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant father.

      Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

      Meret Thali of the Juvenile Law Center, Sioux City, for minor children.

      Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

A father appeals the adjudication of his child, T.H., as a child in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(d) (2016). The father asserts the juvenile court erred in determining T.H. was sexually abused, and therefore, argues adjudication is improper. Because the record supports adjudication under section 232.2(6)(d), we affirm the judgment of the juvenile court.

The father and mother have three children B.H., who is nineteen; T.H., who is thirteen; and K.H., who is twelve. The father and mother have been divorced for eleven years. Pursuant to the dissolution decree, the father had physical care of T.H. and K.H. However, in July 2016, the mother assumed physical care of T.H. and K.H. due to allegations B.H. was sexually abusing T.H. and K.H., the children told the father what was occurring, and he did not act to prevent further abuse.

Both children were interviewed at the Child Advocacy Center in July of 2016. K.H. reported specific incidents of sexual abuse by B.H. beginning when K.H. was ten or eleven years old and occurring as recently as one month prior to the interview. T.H. reported that T.H. was not sexually abused by B.H. However, T.H. stated B.H. had attempted to pull down her pants or force her into his bedroom on a number of occasions from the time she was about eight years old. K.H. and T.H. both stated they told the father about the incidents of abuse and the father told them he would speak to B.H. However, the children reported it did not appear the father addressed the problem with B.H. because the incidents of abuse or attempted abuse continued to occur.

A CINA petition was filed September 14, 2016, and an adjudication hearing was held December 20, 2016. On December 28, 2016, the juvenile court entered an order adjudicating both children as CINA pursuant to Iowa Code section 232.2(6)(d). The father now appeals with respect to T.H.

Our review of CINA cases is de novo. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). "We are not bound by the juvenile court's factual findings, but give them weight, especially when credibility is at issue." *Id.* "Our primary concern is the children's best interests." *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

Iowa Code section 232.2(6)(d) provides that a child "[w]ho has been, or is imminently likely to be, sexually abused by the child's parent, guardian, custodian, or other member of the household in which the child resides" is a CINA.

The father argues that adjudication under section 232.2(6)(d) is improper as to T.H. because T.H. did not report being sexually abused by B.H. However, application of section 232.2(6)(d) is proper where the child has not been sexually abused but abuse is imminently likely. *See D.D.*, 653 N.W.2d at 362; *see also In re K.H.*, No. 15-0396, 2015 WL 2394198, at *2 (Iowa Ct. App. May 20, 2015) ("[W]e find it fair to draw the inference that since K.H. was abused by the father, then A.H. and S.H. are 'imminently likely' to be abused by their father."). We conclude the record supports the finding that T.H. is imminently likely to be sexually abused.

The father reluctantly admits that he believes K.H was sexually abused by B.H.[1]  However, the father contends the court erred in finding the abuse was reported to him and he did not take steps to stop it.  The father testified at the adjudication hearing that despite the children's statements and the evidence to the contrary, he believes the children are fabricating their statements that they told him about the incidents of sexual abuse.  In the adjudication order, the juvenile court found:

> [The father], who is the only party opposing adjudication, admitted under examination by the Guardian Ad Litem that he would agree that "inappropriate contact" probably occurred as described in Exhibits 1 and 2 (DVD's of Child Advocacy Center interviews of [K.H.] and [T.H.]) and that he is only really disputing that he had knowledge of the abuse and failed to take appropriate action.  The court fully concurs that "inappropriate contact," i.e., sexual abuse of the girls, has been shown by clear and convincing evidence and that that abuse was perpetrated by a member of the household.  The court further finds that appropriate responses to the girls' complaints were not made and that the abuse continued over an extended period of time, [the father]'s protestation not to the contrary.  The State has carried its burden, and adjudication in this matter is proper and in the children's best interest.

We agree there is clear and convincing evidence[2] supporting T.H.'s adjudication under section 232.2(6)(d).  The father testified at the adjudication hearing that the children did report being "bullied" by B.H., but he claimed their complaints did not involve sexual conduct.  The children gave detailed and age-appropriate explanations of the occurrences of abuse or attempted abuse.  The court found credible the children's statements in their interviews that they told the father about the abuse and he did not take action.  We give weight to the juvenile

---

[1] At the adjudication hearing, the father stated it was a "possibility" K.H. was sexually abused in his home.  With respect to K.H.'s reports of abuse, he also stated, "I don't know for—beyond a reasonable doubt for sure, but it's—it is convincing."

[2] See Iowa Code § 232.96.

court's credibility findings. The father's hesitation to agree that K.H. and T.H. have been truthful creates concern with respect to the father's willingness and ability to prevent future abuse. We find there is sufficient evidence in the record to reflect T.H. is imminently likely to be abused as a result of the father's failure to intervene in prior abuse of K.H. and prior attempts of abuse of T.H. by B.H. Accordingly, we affirm the juvenile court's adjudication.

**AFFIRMED.**