# IN THE COURT OF APPEALS OF IOWA

No. 18-0085
Filed April 4, 2018

**IN THE INTEREST OF S.M.,**
**Minor Child,**

**R.N., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Deborah Farmer

Minot, District Associate Judge.

A father appeals the juvenile court order terminating his parental rights.

**AFFIRMED.**

Kristin L. Denniger, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant

Attorney General, for appellee State.

Anthony A. Haughton of Linn County Advocate, Inc., Cedar Rapids,

guardian ad litem for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

A father appeals the juvenile court order terminating his parental rights. We find there is clear and convincing evidence in the record to support termination of the father's parental rights and termination is in the child's best interests. We affirm the decision of the juvenile court.

## I.     Background Facts & Proceedings

R.N. is the father of S.M., who was born in 2016. The child was removed from the mother's care on March 9, 2016, because she left the child in the care of a registered sex offender and she had a history of drug use. The father was not involved in the child's life at the time. The child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) and (o) (2016).

R.N. participated in paternity testing in August 2016, which showed he was the child's biological father. He then began to participate in services with the Iowa Department of Human Services. The State filed a petition seeking to terminate the parents' rights.[1] On November 6, 2016, the juvenile court found, "the father continues to make progress on his goals as established by the Case Permanency Plan," and granted the father's motion for a continuance.

R.N. progressed to semi-supervised visits but had problems communicating with service providers. The State filed a petition seeking to terminate his parental rights. The guardian ad litem (GAL) recommended R.N. have an additional six months to work on reunification. After a hearing, the juvenile court entered an

---

[1] The mother's parental rights were terminated. She has not appealed.

order on May 1, 2017, giving R.N. an additional six months to work on reunification. The court stated:

> [R.N.] needs to secure child care during his long working hours, increase his knowledge and understanding of [the child's] current and future developmental needs, improve his supervision of [the child], show that he can rise to the challenge of [the child's] changing developmental needs, and accept help and guidance with the difficulties of single parenthood.

The court requested assistance from a Court Appointed Special Advocate (CASA).

R.N. did not improve his parenting skills. Although his visits increased, he did not consistently interact with the child. Additionally, during semi-supervised visits R.N. and the child were not always where R.N. said they would be, so service providers could check on them. R.N. did not have a valid driver's license, but continued to drive with the child in the car and was dishonest with service providers about this. He was provided with bus tokens but did not use them, stating it was "inconvenient." The father was also dishonest about his discharge from his employment for a period of time.

The State filed a new petition for termination of parental rights on September 21, 2017. The GAL and CASA supported termination of the father's rights. The juvenile court determined the father's rights should be terminated under section 232.116(1)(g) and (h) (2017). The court found R.N. did not take steps to reunite with the child and, in fact, took several steps backward. The court determined termination of the father's parental rights was in the child's best interests. The father now appeals the juvenile court's decision.

## II.    Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III.     Sufficiency of the Evidence

R.N. claims there is not sufficient evidence in the record to support termination of his parental rights. "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). We will focus on section 232.116(1)(g).

Section 232.116(1)(g) provides for termination of parental rights where:

> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.
> (3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.
> (4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

There was a CINA adjudication for the child. R.N.'s parental rights to two older children were previously terminated. There is clear and convincing evidence

R.N. continued to lack the ability or willingness to respond to services. He was unable to progress to unsupervised visits because he continued to drive with the child in the car, although he did not have a driver's license, and did not keep service providers informed of his whereabouts, so they could check in on visits. Furthermore, we find an additional period of time would not correct the situation. R.N. was given an additional six months to work on reunification and ended up regressing rather than progressing to the point where the child could be placed in his care. We conclude the juvenile court properly terminated the father's parental rights under section 232.116(1)(g).

## IV.  Best Interests

R.N. claims termination of his parental rights is not in the child's best interests under section 232.116(2). When we look at a child's best interests, we give consideration "to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We find termination of the father's rights is in the child's best interests. As the juvenile court noted, the child has a desperate need for permanency. The child's behavior showed "detrimental effects from instability and impermanency." The court also found R.N. "demonstrated [an] inability to plan and anticipate the needs of a young child."

We affirm the juvenile court's decision terminating the father's parental rights.

**AFFIRMED.**