## IN THE COURT OF APPEALS OF IOWA

No.18-0290
Filed May 2, 2018

**IN THE INTEREST OF E.N. and E.A.,**
**Minor Children,**

**E.N., Father,**
    Appellant,

**P.A., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

A mother and father separately appeal the juvenile court order terminating their parental rights. **AFFIRMED.**

Jessica J. Chandler of Chandler Law Office, Windsor Heights, for appellant father.

Heidi M. Young of Parrish, Kruidenier, Dunn, Boles, Gribble, Gentry, Brown & Bergmann, L.L.P., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Yvonne C. Naanep, Des Moines, guardian ad litem for minor children.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A mother and father separately appeal the juvenile court order terminating their parental rights. The parents claim there was not sufficient evidence to terminate their parental rights and termination is not in the best interests of the children. We find the evidence was sufficient and termination is in the children's best interests. We affirm the juvenile court.

## I. Background Facts and Proceedings

E.N. was born in 2013 and E.A. was born in 2016. Both children tested positive for opiates at birth, and the mother did not have a prescription for the medication. The juvenile court ordered removal of the children. The mother hid the children for approximately one week. During the week, E.A. suffered from severe opiate withdrawal but received no medical care. Eventually, the children were removed from the parents' care. The children were adjudicated children in need of assistance in June 2016. Review hearings were held in November 2016, and February 2017. The parents were granted a six-month extension at a permanency hearing in May.

During the case, the parents sporadically participated in drug tests. The father tested positive on three separate occasions. The mother admitted to using cocaine in February 2017. In July, shortly after a visit with the children, police raided the family home and arrested the father for possession of marijuana, possession of cocaine with intent to deliver, and a parole violation. The mother reported she was unaware the father had returned to selling drugs, though she admitted she had been suspicious but chose to continue living with him regardless. The father was incarcerated until December. The mother and father remained in

a relationship, although the mother told Family Safety, Risk, and Permanency (FSRP) workers she was no longer with him.

The mother's visitation with the children declined after the father's arrest. When she arrived for one visit with the children, the mother appeared to be on drugs and told the children they would soon be returning home. She was asked to take a drug test the next day and refused. The mother failed to complete mental-health therapy and was at times verbally abusive to the FSRP worker. At the termination hearing, the mother testified she had been sober for a year and four months. However, the mother admitted to using cocaine eleven months earlier.

The father was discharged from substance-abuse treatment as he had little motivation and did not believe he needed treatment. He participated in Narcotics Anonymous while he was incarcerated. At the termination hearing he claimed he had been sober since April 2017. However, in July, the father had been arrested for possession of cocaine and marijuana.

An additional review hearing was held in August and a permanency-review hearing was held in November. The termination hearing was held on January 23, 2018. The juvenile court terminated the parents' parental rights pursuant to Iowa Code section 232.116(1)(d), (f), and (h) (2017). The mother and father now appeal.

## II. Standard of Review

The standard of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Sufficiency of the Evidence

The father and mother claim there is not sufficient evidence in the record to support termination of their parental rights. "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). We will focus on sections 232.116(1)(f) and (h). Sections (f) and (h) differ in the required age of the child and the amount of time the child has been removed from the parent's custody. The parents only claim the children could be returned to their custody at the time of the termination hearing, an element present in both paragraphs.

The father notes he was actively engaged with Narcotics Anonymous while incarcerated as well as taking other substance-abuse classes. After being released from jail, the father was employed full time and claimed he had been sober since April 2017. The mother points to her ongoing contact with her counselor and her long-term sobriety. She believes she has learned to set healthy boundaries in her relationships and has removed negative influences from her life. The mother claimed she had been sober for a year and four months.

The record indicates both parents lied about the date of their sobriety. The mother had admitted to using cocaine approximately eleven months before and

the father had been arrested for possession of cocaine and marijuana four months after his supposed date of sobriety. Additionally, the father had been released from prison about two months prior to the termination hearing, and while admirable, his sobriety had not been fully tested outside of a structured setting prior to the termination hearing. The parents lived in a studio apartment that was not suitable for the children. We find the evidence was sufficient to terminate the parents' parental rights.

## IV. Best Interests

Both the father and mother claim termination is not in the children's best interests. After finding a ground for termination exists, we are to "consider the factors under section 232.116(2)." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Section 232.116(2) requires us to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.*

The juvenile court noted E.A. has never been in the care of the mother or father and the foster family is the only placement the child has known. The court also noted "given the parental instability of [the parents] . . . both of these younger children need to have finality. . . . Neither [child] should have to wait at this point in time and under these circumstances for their biological parents . . . to make necessary changes and gain requisite stability in order to be able to be minimally capable." We agree with the juvenile court's assessment and find termination is in the children's best interests.

**AFFIRMED.**