**IN THE COURT OF APPEALS OF IOWA**

No. 18-0233
Filed June 6, 2018

**IN THE INTEREST OF D.R. and A.W.,**
**Minor Children,**

**A.J., Mother,**
         Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Deborah Farmer

Minot, District Associate Judge.


        A mother appeals the order adjudicating her children in need of assistance.

**AFFIRMED.**


        Colin R. McCormack of Van Cleaf & McCormack Law Firm, Des Moines, for

appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Anthony A. Haughton of Linn County Advocate, Inc., Cedar Rapids,

guardian ad litem for minor children.


        Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals an order adjudicating her children in need of assistance.

*I.* *Background Facts and Proceedings*

A mother had a child in 2010, then married a man with whom she had a second child in 2015. This man—the step-father of the older child—was investigated by the department of human services for sexually abusing the older child.

The State filed a child-in-need-of-assistance petition based on findings from the department's preliminary investigation. The State also filed an application for temporary removal of the older child from the mother. The district court granted the application, and the older child was placed with her biological father.[1] The younger child remained with the mother.[2]

The mother waived her statutory right to a temporary removal hearing within ten days of the removal order. *See* Iowa Code § 232.95(1) (2017). She moved to postpone the hearing; a motion the district court granted. The mother later revoked her waiver and moved to compel a hearing within ten days of her revocation. The court denied the motion.

The court adjudicated the children in need of assistance following a combined adjudicatory and removal review hearing. The older child was subsequently transferred to the mother for a trial home placement. The placement

---

[1] The temporary removal order states both children were removed from the custody of the mother. However, the application and order only named the older child and the order only referred to placement of the older child.

[2] Although the district court mentioned removal of the younger child at a September 2017 hearing, the record contains no formal order removing that child from the mother's custody.

was successful, and the district court entered a dispositional order returning custody of the older child to her mother under the protective supervision of the department. The court also placed sole custody of the younger child with the mother under the protective supervision of the department.

On appeal, the mother contends (1) the district court unduly delayed a temporary removal hearing and (2) the record lacks clear and convincing evidence to support the adjudication.[3]

## II.     Temporary Removal Hearing

The mother concedes the first issue is moot. *See Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015) ("A case is moot if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent." (quoting *Iowa Bankers Ass'n v. Iowa Credit Union Dep't*, 334 N.W.2d 439, 442 (Iowa 1983))); *In re A.M.H.*, 516 N.W.2d 867, 871 (Iowa 1994) (finding parent's challenge to removal order moot where the court subsequently entered adjudicatory and dispositional orders). Nonetheless, she contends we should consider the issue because it will otherwise evade review. *See Homan*, 864 N.W.2d at 330; *In re A.W.*, 741 N.W.2d 793, 804-05 (Iowa 2007) (noting "[i]f a matter will likely be mooted before reaching an appellate court, the issue will never be addressed" (citation omitted)).

We decline the mother's invitation. She was afforded a hearing within ten days of the temporary removal order, voluntarily waived her right to the expedited hearing, moved for a postponement of the hearing, and later experienced buyer's

---

[3] Neither father has appealed.

remorse. Following a lengthy evidentiary hearing and a later dispositional hearing, the district court returned the older child to her custody and allowed her to maintain custody of the younger child. We conclude the district court's refusal to schedule an "expedited" temporary removal hearing months after the originally scheduled temporary removal hearing was postponed at the mother's behest does not evince a recurrent issue of broad public importance. *See In re Guardianship of Kennedy*, 845 N.W.2d 707, 711 (Iowa 2014). We proceed to the question of whether the district court's adjudication of the children as children in need of assistance under subsections 232.2(6)(d) and (c)(2) is supported by clear and convincing evidence. *See* Iowa Code § 232.96(9).

### III.    *Adjudication*

Section 232.2(6)(d) requires the State to prove that a child "has been, or is imminently likely to be, sexually abused by the child's parent, guardian, custodian, or other member of the household in which the child resides."[4] The mother agrees there is "ample evidence" to support a finding that the step-father sexually abused the older child but argues "there is no evidence . . . that [the younger child] was also abused or "that such abuse was imminent."

The Iowa Supreme Court recently reaffirmed the principle that a child need not have been abused to be at imminent risk of abuse. The court stated, "[W]e have previously upheld the CINA adjudication of an eight-year-old boy under Iowa Code section 232.2(6)(d) where the record showed the father 'exceeded all bounds of sexual propriety between himself, his daughter and her eight-year-old friend' yet

---

[4] The mother cites to section 232.2(6)(b), which contains similar language, but the court adjudicated the children under section 232.2(6)(d).

did not exceed those bounds with the boy." *In re L.H.,* 904 N.W.2d 145, 150 (Iowa 2017) (quoting *D.D.*, 653 N.W.2d 359, 361 (Iowa 2002)). The court explained, "In finding that the boy was in imminent danger, we took note of 'the common sense notion that, ordinarily, all siblings are at risk when one child has been sexually abused.'" *Id.* (quoting *D.D.*, 653 N.W.2d at 362)).

> The district court adopted the reasoning of *In re D.D.* The court stated
>
> (1) the sexual abuse perpetrated by [the younger child's] father against his sister placed [the younger child] at imminent risk of sexual abuse; (2) the vulnerability to sexual abuse by a parent is increased due to his age; (3) his vulnerability is increased due to his father's failure to admit and take responsibility for the abuse and to engage in treatment; and (4) his vulnerability is increased due to his mother's present inability or unwillingness to believe that [the younger child's father] is a risk to the [younger child].

On our de novo review, and based on our precedent, we fully concur in this reasoning. Clear and convincing evidence supports the district court's adjudication of both children under section 232.2(6)(d).

Section 232.2(6)(c)(2) requires the State to prove the children have suffered or are imminently likely to suffer "harmful effects" as a result of the parents' failure "to exercise a reasonable degree of care in supervising the child." Again, the mother does not dispute the older child's adjudication under this provision but argues it is "less obvious" the provision applied to the younger child.

The district court found the mother failed "to protect and shield the children from the risks of future abuse." The record supports this finding. The mother initially minimized a physician's diagnosis of sexual abuse. She questioned the older child about the veracity of her complaint, suggested the child's biological father may have fed the child false reports, and, against the advice of department

personnel, sent the children to stay with the step-father's parents, who had regular contact with the step-father. Clear and convincing evidence supports the adjudication of both children under section 232.2(6)(c)(2).

Finally, the mother contends the district court's aid was unnecessary. *See* Iowa Code § 232.96(6) ("If the court concludes that facts sufficient to sustain the petition have been established by clear and convincing evidence *and that its aid is required*, the court may enter an order adjudicating the child to be a child in need of assistance." (emphasis added)). To the contrary, the court's intervention was critical, given the mother's initial efforts to discredit the older child's allegations. As the district court stated, "If [the mother] had summoned the courage to follow [her older child's] example" in shining a light on the abuse, "these children would not be in need of assistance and the protection of the juvenile court."

We affirm the district court's adjudication of the children as children in need of assistance.

**AFFIRMED.**