# IN THE COURT OF APPEALS OF IOWA

No. 18-0700
Filed July 5, 2018

**IN THE INTEREST OF R.B. and M.G.,**
**Minor Children,**

**N.B., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Paul G. Crawford, District Associate Judge.

A mother appeals the juvenile court's termination of her parental rights. **AFFIRMED.**

Laura A. Eilers of Peglow, O'Hare & See, Marshalltown, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Mary Cowdrey of Public Defenders Office, Marshalltown, guardian ad litem for minor children.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find there is clear and convincing evidence in the record to support termination, termination is in the children's best interests, no exceptions to termination are applicable, and the Iowa Indian Child Welfare Act (ICWA) requirements have been met. We affirm the decision of the juvenile court terminating the mother's parental rights.

## I.    Background Facts & Proceedings

N.B. is the mother of R.B., born in 2005, and M.G., born in 2015. N.B. and R.B. are members of the Sac and Fox Tribe of the Mississippi of Iowa (the Tribe). M.G. is not a member of the Tribe.

In the fall of 2016, N.B. left the children with family and friends for extended periods. The caretakers did not have insurance for or the authority to obtain medical care for the children. The Iowa Department of Human Services (DHS) removed R.B. from N.B.'s care on November 1, 2016.[1]  M.G. was removed November 15. DHS placed R.B. with a maternal great-aunt who is a member of the Tribe. M.G. was placed with paternal grandparents.

In separate hearings in December 2016, the juvenile court adjudicated R.B. and M.G. as children in need of assistance (CINA): R.B. pursuant to Iowa Code section 232.2(6)(a), (c)(2), and (e) (2016), and M.G. pursuant to section 232.2(6)(a), (c)(2), (g), and (j). N.B. did not appear at the adjudication hearing for either child. The court held dispositional hearings in January 2017, and the mother

---

[1] The children had previously been removed from N.B.'s care in 2015, and DHS had conducted other investigations into N.B.'s care.

again failed to appear. The court continued the CINA adjudications and confirmed the placements. On June 1, the court entered orders continuing the respective placements of R.B. and M.G. N.B. did not attend the related hearings.

Over the course of the juvenile court proceedings, which lasted more than a year, the mother visited with the children a total of nine times, each visit lasting approximately two hours.[2] N.B. was actively using controlled substances and had active warrants for her arrest throughout the proceedings. She has not provided financial, emotional, mental, or physical support or care for the children from the time of the removals. N.B. discussed her need for treatment with the DHS social worker and a social worker affiliated with her Tribe and completed substance-abuse evaluations, but did not pursue a placement available at an inpatient facility or any other treatment. N.B. refused drug testing requested by the DHS worker, was not in consistent or reliable contact with her social worker or the children, and never established a safe or stable place for the children to live with her.

On December 6, the State filed a petition seeking termination of the mother's rights to both children.

The termination hearing was held January 19, 2018. The mother again did not appear. The court heard testimony from the DHS worker and the Tribe's ICWA coordinator.[3] Both the social worker and the ICWA coordinator recommended termination of N.B.'s parental rights.

---

[2] N.B. may have visited just R.B. a tenth time in December 2017.
[3] The ICWA coordinator meets the requirements of a qualified expert witness under Iowa Code section 232B.10.

On April 9, the court terminated the mother's parental rights to R.B. under Iowa Code section 232.116(1)(e) and (f) (2017), and her rights to M.G. under section 232.116(1)(e) and (h).[4] The court found termination was in the children's best interests and no exceptions to termination, as set out in section 232.116(3), should be applied. The mother now appeals.

## II. Standard of Review

The scope of review is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002).

The paramount concern in all termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990); *In re D.S.*, 806 N.W.2d 458, 465 (Iowa Ct. App. 2011).

## III. Grounds for Termination

Under Chapter 232, we follow a three-step analysis for termination of parental rights. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). If we find a basis for termination exists under section 232.116(1), we then proceed to determine whether termination is in the best interests of the child under section 232.116(2). *Id.* Finally, we must consider whether any of the statutory exceptions in section 232.116(3) allow the court to decline to terminate. *Id.* Where the district court has

---

[4] The court also terminated the rights of A.M., father of R.B., and G.G., father of M.G., under the same sections as the mother. Neither father appealed the terminations.

cited multiple grounds for termination, we may affirm on any one ground supported by clear and convincing evidence. *D.W.*, 791 N.W.2d at 707. Upon a review of the record, we find grounds for termination exists under section 232.116(1)(e).

Iowa's Indian Child Welfare Act (ICWA), Iowa Code chapter 232B, extends further protections to Indian families and tribes. *D.S.*, 806 N.W.2d at 465. "[T]he . . . ICWA has a dual purpose—to protect the best interests of a child and preserve the Indian culture." *In re J.L.*, 779 N.W.2d 481, 492 (Iowa Ct. App. 2009). The provisions of the ICWA are strictly construed. *In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010). The termination of the parental rights of an Indian child must be supported by evidence beyond a reasonable doubt that "the continued custody of the child by the child's parent or Indian custodian is likely to result in serious emotional or physical damage to the child." Iowa Code § 232B.6(6)(a); *see D.S.*, 806 N.W.2d at 465. The evidence must include testimony of a qualified expert witness as described in section 232B.10. Iowa Code § 232B.6(6)(a).

## IV. Analysis

The mother admits grounds exist for the termination of her parental rights under Iowa Code section 232.116(1). The children were removed from her care in November 2016, and at the time of removal neither was in her physical custody but instead in the care of friends and family members. Both DHS and her Tribe have made reasonable efforts to help the mother enter treatment. N.B. made no effort to enter treatment, did not establish a residence for herself or the children, and visited each child less than twenty hours over a period of fourteen months, exhibiting no effort to maintain communications or relationships with the children. In short, she made "no reasonable efforts to resume care of the child[ren] despite

being given the opportunity to do so." *Id.* § 232.116(1)(e). The State has proven by clear and convincing evidence the mother's parental rights should be terminated.

R.B. is an ICWA-covered child, requiring evidence beyond a reasonable doubt that continued custody is likely to result in serious emotional or physical damage to the child in order to terminate the parent's rights. *Id.* § 232B.6(6)(a). Based on the evidence presented, including the testimony of the Tribe's ICWA coordinator as a qualified expert witness, the juvenile court concluded the requirement had been met. Considering the mother's continued substance abuse, lack of a home or medical care for the child, frequent and prolonged absences, and other evidenced behaviors, we agree the mother's continuing custody would likely result in serious emotional damage and physical danger for R.B. and the ICWA requirement for termination is met.

## V.      Best Interests

The mother claims termination of her parental rights is not in the children's best interests. In determining children's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* § 232.116(2); *In re A.S.*, 906 N.W.2d 467, 474 (Iowa 2018). We consider the child's long-range as well as immediate best interests. *In re T.P.*, 757 N.W.2d 267, 269 (Iowa Ct. App. 2008).

We find termination of the mother's parental rights is in the children's best interests. The record clearly shows N.B. is unable to care for the physical, mental, or emotional condition of either child. The children need stable and safe homes,

which have been provided in their placements. The children's caretakers have indicated they will adopt the children. Due to N.B.'s ongoing substance-abuse issues, criminal behavior, frequent absences, and lack of a home, the children's best interests will be served by terminating the mother's parental rights.

## VI. Exceptions to Termination

The mother claims the court should not terminate her parental rights as to R.B. because their close relationship means the termination of her rights would be detrimental to the child. Iowa Code section 232.116(3)(1)(c) provides "[t]he court need not terminate the relationship between the parent and child if . . . [t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The exceptions of section 232.116(3) are permissive, not mandatory. *A.S.*, 906 N.W.2d at 475–76.

The juvenile court declined to apply any of the 232.116(3) exceptions. The court noted R.B. is over ten years of age and did not object to the termination, but instead was eager to be his aunt's little child. The court expressly found no close relationship between N.B. and R.B. such that termination of the parental relationship would be detrimental to R.B. N.B. spent less than twenty hours with the children in approximately fourteen months, and made little effort to be part of R.B.'s life or take steps that would allow her to regain custody of the child, including appearing at the removal and termination hearings. We agree with the court's conclusion that none of the exceptions in section 232.116(3) apply in this case.

For the above reasons, we find termination is appropriate in this case.

**AFFIRMED.**