STATE EX REL. KIDDER, Appellant, vs. STEELE and others, Respondents.

*September 17—October 13, 1942.*

*Willis E. Donley* of Menomonie, for the appellant.

For the respondents there was a brief by *Higbee & Higbee,* attorneys for the common council of La Crosse, and *Otto M.*

*Schlabach,* attorney for *Fred E. Steele,* all of La Crosse, and oral argument by *Mr. Jesse E. Higbee* and *Mr. Schlabach.*

FRITZ, J.    The appellant, Joseph K. Kidder, who was appointed and serving under sec. 62.13 (1), Stats., as a member of the board of police and fire commissioners of the city of La Crosse, contends that by reason of the general exception and inhibition created by sub. (4) of sec. 17.12, Stats., the provisions in sec. 17.12, which authorize the common council of a city to remove an appointive officer thereof for cause, are not applicable to the removal of a police and fire commissioner, and therefore the defendant common council is without authority to proceed with a hearing on charges filed as basis for the removal of Kidder as a commissioner.

Sub. (4) of sec. 17.12, Stats., reads:

*"General exception.*    But no officer of any city, appointed according to merit and fitness under and subject to a civil service or to a police and fire commission law, or whose removal is governed by such a law, shall be removed otherwise than as therein provided."

Under the plain and obvious meaning of the terms in that provision, the application of the exception and inhibition created thereby is limited to officers (1) "appointed according to merit and fitness under and subject to a civil service or to a police and fire commission law, or" (2) "whose removal is governed by such a law." Under the police and fire commission law, sec. 62.13, Stats., the appointment of a commissioner is not required by any provision therein to be made according to merit and fitness under and subject to either a civil service or to the police and fire commission law. No such test as to qualifications or eligibility is prescribed or required by any law in relation to the appointment of such a commissioner. Neither is there any provision in sec. 62.13, Stats., which can be deemed to govern or be applicable to the removal of a

commissioner,—although in sub. (5) thereof there are provisions governing removals of chiefs and subordinates of police and fire departments appointed under either sub. (3) or (4) thereof. Consequently, as the exception created by sec. 17.12 (4), Stats., is not applicable to Kidder as such commissioner, the common council is authorized to proceed, under provisions in sec. 17.12 (1) (c) and (d), Stats., in relation to the charges filed as basis for his removal as such officer, and therefore the orders under review must be affirmed.

*By the Court.*—Orders affirmed.