## IN THE COURT OF APPEALS OF IOWA

No. 18-1042
Filed September 12, 2018

IN THE INTEREST OF N.Y. and F.Y.,
Minor Children,

B.Y., Mother,
    Appellant.
_____

Appeal from the Iowa District Court for Jones County, Deborah F. Minot, District Associate Judge.

A mother appeals the juvenile court decision terminating her parental rights. **AFFIRMED.**

Kristin L. Denniger, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Andrew R. Wiezorek of Jacobsen, Johnson & Wiezorek, PLC, Cedar Rapids, guardian ad litem for minor children.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court decision terminating her parental rights. We find there is clear and convincing evidence in the record to support termination of the mother's parental rights, termination of her rights is in the children's best interests, and the mother has not met her burden to establish an exception to termination should be applied. We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings

B.Y., mother, and F.Y., father, are the parents of N.Y., born in 2015, and F.Y., born in 2017. The family came to the attention of the Iowa Department of Human Services (DHS) due to extensive domestic violence in the home. On April 28, 2017, N.Y. was adjudicated to be a child in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) (2017). The juvenile court also entered an order prohibiting the father from having contact with the child.[1]

N.Y. was removed from the parents' care on May 31, based on the court's finding, "removal of the child from the home is necessary to avoid imminent danger to the child's life or health, due to the child's mother having contact with the father and allowing the father to have contact with the child in violation of no contact orders." N.Y. was placed with the maternal grandfather.

In July and August, while she was pregnant with F.Y., the mother tested positive for methamphetamine. After F.Y. was born, a no-contact order was entered prohibiting the father from having contact with the child. F.Y. was adjudicated CINA on January 19, 2018. F.Y. remained in the mother's care.

---

[1] Additionally, there was a no-contact order in a pending criminal action prohibiting the father from having contact with the mother.

The mother made progress with services and on February 26, the juvenile court permitted her to have a trial home placement with N.Y. where he was living with the maternal grandfather. Within a few days, however, the mother and father surreptitiously left the state with the children. They were picked up in Kansas by law enforcement officials. The mother told officers she willingly left with the father. The children were removed from the parents' care, and placed in sequestered foster care. The parents' visitation was suspended. Both parents were found to be in contempt of the no-contact orders and were sent to jail. Additionally, both parents were charged with child endangerment.[2]

On April 10, the State filed a petition to terminate the parents' rights. At the termination hearing, the mother and father testified they had been in violation of the no-contact orders throughout most of the CINA case. The mother also testified she told social workers she had been complying with services for domestic abuse and therapy, but did not actually attend those services. The mother was in jail at the time of the hearing and stated she expected to be released in June 2018. The father testified he expected to be released in six to eight months.

The juvenile court terminated the mother's parental rights to N.Y. under section 232.116(1)(d), (h), and (i) (2018) and to F.Y. under section 232.116(1)(d) and (i).[3] The court found termination of the mother's parental rights was in the children's best interests, noting "[s]he has little to no insight into the effect her decisions have had upon herself, much less her children." The court declined to

---

[2]   In addition, the father's probation was revoked and he was sentenced to prison for seven years.
[3]   The father's parental rights were also terminated. At the hearing, he conceded his rights should be terminated and he did not appeal.

apply the exception to termination found in section 232.116(3)(c), finding termination would not be detrimental to the children based on the closeness of the parent–child relationship. The mother appeals the juvenile court's decision.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Sufficiency of the Evidence

The mother claims there is not sufficient evidence in the record to support termination of her parental rights. She contests termination under section 232.116(1)(d), (h), and (*l*). The mother's rights, however, were not terminated under section 232.116(1)(*l*). Her rights were terminated under section 232.116(1)(d), (h), and (i). She has not raised an argument contesting the termination under section 232.116(1)(i), and therefore, has waived this issue on appeal. *See* Iowa R. App. P. 6.903(2)(g). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815

N.W.2d 764, 774 (Iowa 2012).  We affirm the termination of the mother's parental rights under section 232.116(1)(i).[4]

### IV.      Best Interests

The mother claims termination of her parental rights is not in the children's best interests.  She states she has good parenting skills and the only problem was the continuing presence of the father.  She states now that the father is in prison, she has the ability to safely parent the children.

"Even after we have determined that statutory grounds for termination exist, we must still determine whether termination is in the children's best interests." *A.B.*, 815 N.W.2d at 776.  We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  Iowa Code § 232.116(2); *see also In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010).

Throughout these proceedings the mother continually placed her relationship with the father above the safety of the children.  The father was very violent and had a long history of domestic abuse involving the mother.  Rather than comply with the no-contact orders or utilize her safety plan, she allowed the father

---

[4]      Section 232.116(1)(i) provides for termination of parental rights in the following circumstances:

> (1) The child meets the definition of child in need of assistance based on a finding of physical or sexual abuse or neglect as a result of the acts or omissions of one or both parents.
> (2) There is clear and convincing evidence that the abuse or neglect posed a significant risk to the life of the child or constituted imminent danger to the child.
> (3) There is clear and convincing evidence that the offer or receipt of services would not correct the conditions which led to the abuse or neglect of the child within a reasonable period of time.

to have contact with the children. At times, the mother would ask for the no-contact orders to be dismissed, stating she wanted the children to have a relationship with the father. At the termination hearing, she testified, "All I know is when I do what [F.Y.] wants me to, my kids are safe." We agree with the juvenile court's statement the mother "has repeatedly placed [the children] in imminent danger due to her violent, dependent, and unhealthy relationship with [F.Y.] and has acted in wanton and willful disregard of the children's safety." We conclude termination of the mother's parental rights is in the children's best interests.

## V.     Exception

The mother claims the juvenile court should refrain from terminating her parental rights due to the closeness of the parent–child relationship, citing section 232.116(3)(c). The exceptions to termination in section 232.116(3) are permissive, not mandatory. *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018). "We may use our discretion, 'based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent–child relationship.'" *Id.* (citation omitted). The Iowa Supreme Court has stated, "[O]nce the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination." *Id.* at 476.

We determine the mother has not met her burden to establish the exception in section 232.116(3)(c) applies for the court to decline to terminate her parental rights based on the closeness of the parent–child relationship. As the juvenile court noted, "severing the mother–child relationships will not be more detrimental than the emotional distress already visited upon these children by their mother."

We affirm the juvenile court's decision terminating the mother's parental rights.

**AFFIRMED.**