# IN THE COURT OF APPEALS OF IOWA

No. 18-1731
Filed January 23, 2019

IN THE INTEREST OF T.T. and D.T.,
Minor Children,

M.T., Mother,
    Appellant.

_____

Appeal from the Iowa District Court for Webster County, Angela L. Doyle, District Associate Judge.

A father appeals the juvenile court order terminating his parental rights. **AFFIRMED.**

Douglas Cook of Cook Law Office, Jewell, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit and John McCormally (until withdrawal), Assistant Attorneys General, for appellee State.

Joseph L. Tofilon of Thatcher, Tofilon & Livingston, P.L.C., Fort Dodge, guardian ad litem for minor children.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A father appeals the juvenile court order terminating his parental rights. We find there is clear and convincing evidence in the record to support termination of his rights, it would be contrary to the children's interests to give him additional time to work on reunification, and termination is in the children's best interests. We affirm the juvenile court's decision.

### I.      Background Facts & Proceedings

M.T., father, and X.R., mother, are the parents of T.T., born in 2010, and D.T., born in 2016. The parents have a history of substance abuse, mental-health problems, and criminal behavior. The children were removed from the parents' care on May 11, 2017, due to the parents' use of methamphetamine. The children were placed with a maternal aunt. They were adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2017).

The father was arrested for third-degree theft on May 25. He was sentenced to a term of imprisonment not to exceed two years, the sentence was suspended, and he was placed on probation. On June 4, he was arrested on drug charges and possession of burglary tools. Again, he was sentenced to two years in prison, the sentence was suspended, and he was placed on probation. In November, the father was found to have violated his probation, and he was placed in a halfway house. In April 2018, he tested positive for methamphetamine. His probation was revoked, and he was sent to prison.

The father attended a substance-abuse treatment program while in the halfway house but did not successfully complete the program because he was sent

to prison. He had regular visitation while in the halfway house and one visit while in prison.

On May 29, 2018, the State filed a petition seeking to terminate the parents' rights. The termination hearing was held on July 25. The father testified he expected to be released from prison in seven to ten days and then live with his father. He stated he expected to be off parole by October or November. The father stated he planned to attend an outpatient treatment program so he could maintain employment.

The juvenile court terminated the father's rights under section 232.116(1)(f) (T.T.), (h) (D.T.), and (*l*) (2018).[1] The court denied the father's request for more time to work on reunification, noting he had not participated in services prior to his placement in the halfway house, and even then continued to use methamphetamine and commit criminal offenses. The court found termination is in the children's best interests, stating, "it would be contrary to the children's welfare to be returned to the parental home because the children would be without proper care and supervision." The father appeals the termination of his parental rights.

II.      **Standard of Review**

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial

---

[1] The mother's rights were also terminated. She has not appealed the juvenile court's decision.

doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Sufficiency of the Evidence

The father claims there is not sufficient evidence in the record to support termination of his parental rights. He states he "has shown he has the skills to parent and bond with the children." In regard to section 232.116(1)(*l*), he claims the State did not sufficiently show he had "a severe substance-related disorder." When the juvenile court has terminated a parent's rights on more than one ground, "[t]o affirm, we need to find facts to support just one of the grounds." *In re J.E.*, 907 N.W.2d 544, 546 (Iowa Ct. App. 2017).

We determine the father's parental rights were properly terminated under section 232.116(1)(f) for the oldest child and section 232.116(1)(h) for the younger child. There is no dispute about the first three elements of both subsections. The fourth element of both subsections requires clear and convincing evidence the child cannot be safely returned to the parent's care. The evidence shows the children could not be returned to the father's care at the time of the termination hearing because he was in prison. Even if he was soon released from prison, he had not successfully completed a substance-abuse treatment program. We agree with the juvenile court's statement, "it would be contrary to the children's welfare

to be returned to the parental home because the children would be without proper care and supervision."[2]

## IV.   Additional Time

The father claims he should have an additional six months to work on reunification with his children.  He claims as part of the State's obligation to make reasonable efforts to reunite him with the children, the State should also be required to give him six more months to work on reunification.  He requests more time to demonstrate his sobriety after he is released from prison.

In order to extend the case for six months the court would need to find "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."  Iowa Code § 232.104(2)(b).  The juvenile court stated it was unable to make this finding.  The court found the father began to participate in services and have visitation with the children when he was in the halfway house.  The court found it was unlikely the father would be able to safely care for the children at the end of six months.  We agree with the juvenile court's findings on this issue and find the court properly denied his request for additional time.

## V.   Best Interests

The father claims termination of his parental rights is not in the children's best interests.  As part of this argument, he states termination would be detrimental

---

[2] Because we have determined the father's rights were properly terminated under section 232.116(1)(f) and (h), we do not address his claims in regard to section 232.116(1)(*l*).  If we were to address this subsection, we would find the State presented sufficient evidence to show the father had "a severe substance-related disorder."  The father testified he had been using methamphetamine since the age of eleven.   He continued to use methamphetamine even while in the halfway house, with the result his probation was revoked and he was sent to prison.

to the children based on the closeness of the parent-child relationship. *See id.* § 232.116(3)(c).

In considering a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). We find termination of the father's parental rights is in the children's best interests. As the juvenile court noted, the children "need and deserve a safe, secure, and permanent home," which the father was unable to provide. The father did not participate in services until he has in the halfway house and was unable to provide a safe home for the children.

The juvenile court also found, "there has been no clear and convincing evidence that the termination would be detrimental to the children at this time due to the closeness of any parent-child relationship." *See* Iowa Code § 232.116(3)(c). We concur in the court's finding. While the father might have been bonded with the children, there was no evidence to show termination would be detrimental to them.

We affirm the juvenile court's decision terminating the father's parental rights.

**AFFIRMED.**