# IN THE COURT OF APPEALS OF IOWA

No. 22-1482
Filed December 21, 2022

**IN THE INTEREST OF L.R. and J.R.,**
**Minor Children,**

**J.R., Father,**
      Appellant.
_____

      Appeal from the Iowa District Court for Marion County, Erica Crisp, District Associate Judge.

      A father of two children adjudicated in need of assistance appeals an order denying his motion to close the case.   **AFFIRMED.**

      Jesse A. Macro, Jr. of Macro & Kozlowski, LLP, West Des Moines, for appellant father.

      Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

      Dusty Clements of Clements Law & Mediation, Newton, attorney and guardian ad litem for minor children.

      Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**TABOR, Presiding Judge.**

A father, Jacob, appeals a juvenile court order rejecting his request to close the child-in-need-of-assistance (CINA) cases involving his sons, L.R. and J.R. Because both children are in the sole custody of their mothers, Jacob contends juvenile court involvement is no longer necessary. Although the juvenile court granted concurrent jurisdiction, we agree that closure of the CINA cases would have been premature.

J.R. was born in 2013 to Jacob and Kelsey. L.R. was born in 2018 to Jacob and Brandy. The court adjudicated the children as CINA in November 2021 based on the State's clear and convincing proof that Jacob assaulted both mothers in the presence of the children and used methamphetamine. After a dispositional hearing in January 2022, the court found that Jacob continued "to resist attempts to change his behaviors that negatively affect his children and have led this family to the court's attention." The court ordered that each child remain with his mother only and granted concurrent jurisdiction. To that end, the court explained: "Parents are permitted and encouraged to quickly resolve all custody, visitation and support issues in the district court; however, the juvenile court's orders concerning visitation and custody should remain in place and control."

At a dispositional review hearing in August 2022, Jacob asked the juvenile court to vacate the CINA orders and discharge both children. The court declined, finding the protective supervision of the Iowa Department of Health and Human Services (DHHS) remained necessary. Jacob appeals that ruling.

We review CINA cases de novo. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The juvenile court's factual findings deserve respectful

consideration, but do not bind us. *Id.* Our priority is the best interests of the children. *Id.* at 362.

Iowa Code section 232.103 (2021) drives our analysis. That statute "governs the termination of a dispositional order in a CINA case prior to its expiration." *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001). To vacate the dispositional order, the court must find one of these circumstances exist:

> a. The purposes of the order have been accomplished and the child is no longer in need of supervision, care, or treatment.
> b. The purposes of the order cannot reasonably be accomplished.
> c. The efforts made to effect the purposes of the order have been unsuccessful and other options to effect the purposes of the order are not available.
> d. The purposes of the order have been sufficiently accomplished and the continuation of supervision, care, or treatment is unjustified or unwarranted.

Iowa Code § 232.103(4).

Jacob contends the juvenile court erred in not closing the CINA cases because both Kelsey and Brandy have "custody orders in place giving them sole discretion to permit or limit visitation between the father and the children." He insists these concurrent custody orders protect the children from further adjudicatory harm.

The State responds: Not so fast. Looking to the August 2022 hearing, the State asserts that Brandy had no custody order in place. The State notes that it did not have a transcript available when drafting its response to the petition on appeal so testimony might shed light on Jacob's contention. But our review of that transcript confirms the State's assertion that there was no district court order in place governing Brandy's custody of L.R. And although Kelsey received a sole

custody order by default judgment, Jacob testified that he intended to seek modification of that order. Given those circumstances, the purpose of the CINA adjudication has not been accomplished and continued DHHS supervision is warranted. *See id.* § 232.103(4)(a), (d). As the State argues, Jacob's "unaddressed issues with domestic violence, anger management, and substance abuse render him an ongoing danger to both the children and their mothers."

After our de novo review, we reach the same conclusion as the juvenile court. As of the August hearing, circumstances did not justify vacating the dispositional order.

**AFFIRMED.**